Covey *v.* Noggle.

---

---

## COVEY *vs.* NOGGLE.

Where a *capias ad respondendum*, issued out of a county court, in an action for assault and battery, under the judiciary act of 1847, contained an *ac etiam* clause, claiming damages to the amount of $1000, while the court had jurisdiction in actions of that nature only where the damages claimed did not exceed $500; *Held,* that the process and proceedings were illegal and void, and that no action could be maintained upon a bail bond given by the defendant, on his arrest.

HENRY COVEY, the appellant, commenced an action against the respondent, Jacob Noggle, in the Livingston county court, by the issuing and service of a *capias ad respondendum*, under the law of 1847, known as the judiciary act. The capias was issued the fifth day of August, 1848, and served the ninth of the same month. The writ was in the form which had long been in use in the supreme court of this state, with an *ac etiam* clause, in these words: "And also to a bill of the said Henry Covey, against the said Jacob Noggle, for assaulting, beating, wounding and maiming him, the said Henry Covey, to his damage of one thousand dollars." The plaintiff, Covey, made an affidavit of the cause of action, and on application to the county

Covcy *v.* Noggle.

judge of Livingston county, obtained an order which was indorsed on the writ, directing the defendant to be held to bail in the sum of $400. The defendant, Noggle, on being arrested, executed, with the other defendants, and delivered to the sheriff, a bail bond in the penalty of $400, with a condition, after reciting the said writ, that said Jacob Noggle should appear in the action commenced by said writ, by putting in special bail within twenty days after the return day, and by perfecting such bail, if required, according to the rules and practice of the court, &c.

The condition of the bond being broken by the neglect of the defendant to put in and perfect special bail within the time required, the plaintiff took from the sheriff an assignment of the bail bond, upon which this action was commenced in the Livingston county court. On the trial in the court below, the defendants' attorney admitted all the facts which it was necessary for the plaintiff to prove, to make out his case, *prima facie*. The defendant, however, claimed and insisted, that, inasmuch as the county courts, under the judiciary act, only had jurisdiction in actions for assault and battery, where the damages claimed did not exceed $500 ; and as the *ad damnum* in the writ, by virtue of which the bail bond was given, was $1000, the whole proceedings were illegal, the bond void, and, consequently, the plaintiff could not recover in the action. The county court sustained this view of the case, and instructed the jury to find for the defendants, and they found accordingly. Upon which judgment was rendered in the court below in favor of the defendants. The plaintiff tendered a bill of exceptions, and brought his appeal to this court. ·

*J. Wood, jr.* for the appellant.

*A. A. Hendee,* for the respondents.

*By the Court,* WELLES, J. The *capias* in the original action was the first process in that suit, and the only means by which the county court acquired jurisdiction of the defendant's

person, and was the only authority for his arrest, upon which the bond was taken on which this action is brought. If that capias was issued in a case where the county court had no jurisdiction, the arrest was illegal and void, and no action can be maintained on the bond. (*Parke* v. *Heath,* 15 *Wend.* 301.) The judiciary act, in defining the jurisdiction of the county courts, and specifying the cases where jurisdiction is conferred, uses the following language: "Also, to hear, try and determine according to law, the following actions, when all of the defendants at the time of commencing the action, reside in the county in which said court is held; actions of debt, assumpsit and covenant, when the debt or damages claimed shall not exceed two thousand dollars; actions for assault and battery and false imprisonment, when the damages claimed do not exceed five hundred dollars," &c. (*Laws of* 1847, *p.* 328, § 30.) The capias in the original suit in this case was in the usual form, formerly in use in this court, with an *ac etiam* clause, in the following words: "And also to a bill of the said Henry Covey against the said Jacob Noggle, for assaulting, beating, wounding and maiming the said Henry Covey, to his damage of one thousand dollars, according to the custom of our said court, before our said judge, then and there to be exhibited."

The revised statutes provide that no person shall be held to bail on a *capias ad respondendum,* unless the true cause of action be particularly expressed therein. (2 *R. S.* 348, § 6.)

It was held in *Yager* v. *Hannah,* (6 *Hill,* 631,) that a summons issued by a justice stating a cause of action exceeding in amount the jurisdiction of the court, was a nullity, and laid the defendant under no obligation to appear. It would therefore seem that the county court had no jurisdiction in the case in which the capias in question was issued, provided the *ad damnum* in the *ac etiam* clause is to stand, and be regarded as the plaintiff's claim of damages.

The counsel for the appellant insists that the statement " to his damage of one thousand dollars," is surplusage, and should be disregarded in the consideration of this question, because it is found in the *ac etiam* clause, which he contends was unneces-

Covey v. Noggle.

sary and might have been wholly omitted. That it is a relic of the king's bench practice, and is founded upon a supposed bill, which is never in fact filed; and that the capias merely refers to a claim of damages to the amount of $1000, in such fictitious bill, which need not be, never has been, and never will be, filed in the cause. Let us look at this. Suppose the whole *ac etiam* had been omitted, would the capias have particularly expressed the true cause of action, so as in that respect to have allowed the defendant to be held to bail? Without the *ac etiam*, it would have expressed a plea of trespass as the cause of action. If it could be regarded as expressing any cause of action it might be trespass, *quare clausum fregit*, trespass *de bonis asportatis*, trespass assault and battery, or trespass to personal property without the asportation. According to my recollection, it was never deemed sufficient, in a bailable process under the statute requiring the true cause of action to be particularly stated in the *capias ad respondendum*, in order to hold the defendant to bail, to merely state the cause of action to be a plea of trespass. It would not show particularly what the action was brought for, and would not in my opinion, be a compliance with the statute, in this respect. Indeed, on such a capias, the plaintiff could declare in any personal action whatever, whether in *tort*, or upon contract, whether with or without force, and whether the damages were direct or consequential. If the whole *ac etiam* clause had been omitted, the arrest would have been illegal, and the bond for that reason void. If the *ac etiam* is the only particular statement in this capias, of the true cause of action, is the appellant at liberty to treat the *ad damnum* part of it as surplusage, and ask the court to regard it as a case where the amount for which the action was brought has been omitted in the process? It seems to me not. He claims the right to do so on the ground that the process does not directly alledge the damage to be $1000, but merely refers to a statement in a supposed bill which is a mere fiction. This however cuts both ways; while, if it relieves the appellant of the difficulty in relation to the amount claimed, it takes away his statement of the cause of action. They are both stated in the *ac etiam*, in the

same way. If the amount is not claimed, neither is the cause of action stated.

I am not clear that a defendant could ever have been held to bail in a court of record, especially since the passage of the statute referred to, unless the amount claimed was stated in the process. The uniform practice was to state the amount in all bailable actions, and also in actions not bailable, but in which the defendant might be held to bail by virtue of a judge's order. The plaintiff could procure the defendant's appearance without any *ac etiam* or any statement of the amount claimed, so as to be able to go on with his suit without special bail. But whether it was necessary or not to express the amount in the process, in order to hold the defendant to bail, does not vary the result in this case; because, as I have attempted to show, the appellant here did state in the capias the amount claimed, and that was an amount beyond the jurisdiction of the county court. That the amount in which the judge directed the defendant to be held to bail in his order indorsed on the process, was within the jurisdiction of the court, does not in my judgment help the matter. His claim was nevertheless of an amount beyond the jurisdiction, and if the jurisdiction of the court had admitted it, he might if the evidence would warrant it, recover to the extent claimed, notwithstanding the special bail would not be liable in any event, beyond the amount of the order. It is also said that when the jurisdiction of a court is limited by the amount in controversy between the parties, recourse must be had to the demand as laid in the plaintiff's declaration, and several cases are cited in support of this position. I have not yet had access to the authorities referred to. They are Pennsylvania cases; and whatever they may seem to hold I doubt very much whether they should be allowed to overthrow an express decision of this court. In the case of *Yager* v. *Hannah,* (*supra,*) Hannah had sued Yager in the justices' court of the city of Hudson by summons, requiring the defendant to appear and answer the plaintiff in a plea of trespass on the case to his damage one hundred dollars. On the return day of the summons, the plaintiff appeared and declared in trover for a silver watch and key, of the

value of fifty dollars; the defendant did not appear and the plaintiff recovered judgment for twenty-five dollars, which was affirmed on certiorari, and the defendant afterwards brought error to the supreme court, where the judgments of the common pleas and the justice were reversed. The court holding that the summons required the defendant to appear and answer to a cause of action beyond the jurisdiction of the court and was consequently void; that the service and return of it imposed no obligation on the defendant to appear, and gave the court no authority to proceed in the suit. Beardsley, justice, in delivering the opinion of the court, says, "I do not see how process which claims an amount in damages, exceeding the jurisdiction, can be lawful, any more than a declaration of that description."

I confess I am unable to distinguish the above case, in principle, from the one before the court, and therefore am of the opinion that the judgment of the county court should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, March 4, 1851. *Welles, Selden* and *Johnson,* Justices.]