If this case is in a situation to be reviewed, the following considerations require an affirmance of the judgment. In the execution of a contract it is not every circumstantial variation from its terms which will deprive the contractor of the equivalent which he was to receive. For instance, if a particular amount or quantity is not of the essence of the contract, an excessive amount or quantity would not vitiate the performance: as, if one should agree to deliver one hundred bushels of wheat and should *Page 467 
deliver one hundred and five bushels, it would be absurd to say that he could not recover for the quantity mentioned in the contract. So, if one should contract to construct a stone wall five feet high, intended to inclose a field and for that object alone, and should build it of the height of six feet, the excessive height ought not to prevent the recovering the contract price. If, however, an excess in the amount or dimensions of the article to be furnished would render it essentially a different thing, or if the court could see, or it should it be shown, that it would not as well answer the purpose which the party contracting for it had in view, the contract could not be considered as performed if the amount or dimensions were exceeded.
In this case it is necessarily inferable, from the part of the report contained in the parentheses, that more masonry was employed in constructing these piers than the defendants contracted for. It is not shown that they were on that account less perfectly suited to the purpose for which they were designed. They may, indeed, for aught that appears, have been better adapted to their purpose on that account. It is to be intended, from the allegations in the answer, that they were not less suitable on account of their greater size. The defendants say they complained, while the wall was in progress, that the piers were being made too large at the top, and declared that they would not pay for the excess beyond the dimensions in the contract. It is clear from this that the only objection to the excessive size was the increased cost. Hence, if the defendants are not charged with the additional cost they have no reason to complain. The referee deducted so much of the masonry as exceeded that for which the defendants contracted, and gave a report for the residue. Upon the principles which have been stated we think this was right. The defendants did not show, as they might have done if the fact were so, that the increased thickness of the pier would impede the flow of water, or that in any respect they were less perfectly *Page 468 
adapted to their end than they would have been if the additional masonry had not been put on.
The judgment should be affirmed.