THE PEOPLE *ex rel.* The Hudson River Rail Road Company *vs.* PIERCE and others.

Whether a rail road corporation is to be considered as resident, for purposes of taxation or otherwise, in each county through which its road runs, or only in the city where its principal business office is situated? *Quære.*

Under the first section of the act of 1837, which directs commissioners of highways in apportioning the residue of the highway labor to be performed in their town, after assessing one day's work upon every male inhabitant of full age, "to include among *the inhabitants* of such town, among whom such residue is to be apportioned, all moneyed or stock corporations which shall appear on the last assessment roll of their town to have been assessed therein," the commissioners must follow the previous action of the assessors. They are not to assess such corporations as are situated in their town, or such as may properly be considered inhabitants of such town. They are to take the last assessment roll for a guide, and to include in their assessment every corporation which they find assessed therein; and they cannot tax,

The People *v.* Pierce.

by name, as an inhabitant of the town, any corporation which is not so assessed upon that roll.

The act intended these corporations should be included among, and treated as inhabitants, for all its purposes.

CERTIORARI to remove the proceedings of the defendants, as commissioners of highways of the town of Cortlandt, Westchester county, in assessing the Hudson River Rail Road Company, for highway labor, and the subsequent proceedings of the overseer of the district.

*Thomas M. North,* for the relators.

*C. Frost,* for the defendants.

*By the Court,* EMOTT, J. This certiorari brings up the proceedings of the commissioners of highways of the town of Cortlandt, in Westchester county, in assessing the relators for highway labor, and the subsequent proceedings of the overseer of the district to which the amount of the tax thus imposed was assigned. The commissioners assessed the Hudson River Rail Road Company as a stock corporation, under the power conferred by sec. 1 of chap. 431 of the laws of 1837. They return that the company are taxed by name upon the last assessment roll of the town of Cortlandt, for real estate owned therein, and that the land so owned by them was not assessed as land of a non-resident owner. It is also stated that the principal place of business of the company is in New York city, and it is intended to be conceded or inferred that the lands thus taxed are a portion of the track and certain depot grounds on the route of the road, which passes through the town. The relators contend that this assessment for highway labor is erroneous and void, and that the commissioners should have assessed the lands owned by the company as lands of a non-resident owner, according to subdivision 3 of section 24, 1 *R. S.* 506.

The question whether a rail road corporation is to be con-

sidered as resident, for purposes of taxation or otherwise, in each county through which its road runs, or only in the city where its principal business office is situated, may perhaps be involved in some doubt. Residence, or inhabitancy, are terms which obviously can only be used of such a corporation in a qualified or accommodated sense. The term domicil, which has a somewhat different meaning, involves still more the idea of purpose or intention, and is, I suppose, not properly applicable to such an artificial being. Still the question whether such corporations are to be treated as residents or non-residents, occurs in various shapes. It is material in reference to taxation, and it arises in applying the statute regulating process from inferior courts, and the jurisdiction of those courts.

The proper mode of taxing the lands of rail road corporations for highway labor, as well as for the general purposes of government, must undoubtedly be ultimately determined by ascertaining whether they are to be regarded as resident or non-resident owners of their lands, in the various towns through which their tracks are laid. But I have been unable to see how we can reach that question in the present case. The first section of the act of 1837, under which the defendants made the assessment now complained of, directs these officers in apportioning the residue of the highway labor to be performed in their town, after assessing one day's work upon every male inhabitant of full age, "to include among *the inhabitants* of such town, among whom such residue is to be apportioned, all moneyed or stock corporations which shall appear on the last assessment roll of their town to have been assessed therein." The rule of action for the commissioners of highways, therefore, is to follow the previous action of the assessors. They are not to assess such corporations as are situated in their town, or such as may properly be considered inhabitants of such town. They are to take the last assessment roll for a guide, and to include in their assessment every corporation which they find assessed therein. These corporations the act intends shall be included among and treated as inhab-

The People v. Pierce.

itants, for all its purposes. The highway law itself affords no rule or principle for discriminating between such corporations as are and such as are not taxable in the towns, nor between such portions of the property of these corporations as may or may not be thus taxable. It affords no data by which we can decide whether a rail road corporation may properly be deemed to have a residence in all or any of the towns through which its road passes. On the other hand, the laws regulating the assessment and collection of general taxes do contain directions and regulations as to the mode of taxing such corporations. The highway law does not even direct the commissioners to include in their assessment such corporations, or such corporate property as ought to be or to have been taxed in the town and upon the last preceding assessment. These officers are to be guided by the fact, not the right. The question of right is to be determined by one set of officers only, the assessors, and is not left open for independent and possibly conflicting action by two assessing boards in the case of the two taxes.

If we were disposed or felt justified in considering the merits of the main question which was somewhat argued at the bar, that of the residence of the relators, we could only do so in reference to the assessment of the general tax. If we could say that the statute meant that the commissioners should include in their assessment such corporations as were rightly and legally taxable in their town, we must refer that question to the general tax, and we should be brought to the question how the lands of this company ought to be taxed by the town assessors. If it be not the corporations which were actually and as a matter of fact upon the last assessment roll, which are to be taxed as inhabitants of the town for highway purposes, it can only be corporations which properly and legally appeared upon that roll which can be so included. I can discover no landmarks by which our investigation could proceed but these.

But this question the counsel for the relators declined to argue, and as it was intimated that it was to be presented to

us directly, in review of the proceedings of town assessors in the case of the same company, it is proper that we should reserve any discussion of it at present. We do so the more readily because, as already intimated, we cannot consider the question brought before us by the present proceeding. This return states that the relators were assessed by name, as a corporation, upon the last assessment roll of the town of Cortlandt, and even if it also states facts which would show that they were improperly taxed in that roll, still the rule for the defendants was whether the relators appeared in the roll, not whether they ought to have appeared there. The error, if there be one, can only be reached by correcting the town assessment. Then the commissioners of highways will be bound to follow it; or rather they cannot tax by name, as an inhabitant of the town, any corporation which is not so assessed upon that assessment list. But while the relators appeared upon the town assessment roll in the manner stated in this return, the defendants were not only justified but required to assess their property in the manner in which they imposed this tax.

The proceedings which this writ brings before us must be affirmed, with costs.

[KINGS GENERAL TERM, February 13, 1860. *Lott, Emott* and *Brown,* Justices.]