Judge v. Hall.

---

PATRICK JUDGE, Respondent, *v.* ROBERT N. HALL, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

To confer jurisdiction on the County Court, the complaint must, upon its face, show that the defendant is a resident of the county in which the action is commenced.

A demurrer lies under section 144 of the Code to a complaint which omits to state this fact.

THIS was an appeal by the defendant from an order of the Cayuga County Court overruling a demurrer to the complaint.

The action was commenced in the Cayuga County Court to recover damages for the conversion of a cow alleged to be the property of the plaintiff.

The complaint did not allege or show that the defendant was, at the time of the commencement of the action, a resident of the County of Cayuga, and the defendant demurred on four grounds, viz.:

1st. That said court has no jurisdiction of the person of the defendant.

2d. That it has no jurisdiction of the subject of the action.

3d. That plaintiff has no capacity to sue, and

4th. That the complaint does not state facts sufficient to constitute a cause of action.

The Special Term overruled the demurrer, and gave the defendant leave to answer within twenty days on payment of costs.

*Wood & Rathbun*, for the appellant.

*Cox & Avery*, for the respondent.

Present—MULLIN, P. J., JOHNSON & TALCOTT, JJ.

MULLIN, P. J. Section 14 of article 6 of the Constitution of 1846, provided for the organization in each of the counties of the State, except the city and county of New York, of a County Court, which should have such jurisdiction in cases arising in Justices' Court, and in special cases, as the legislature should prescribe, but said court should have no original civil jurisdiction except in such special cases.

Under the power thus conferred the legislature enacted in and by the thirtieth section of the judiciary act that the County Court should have jurisdiction to hear, try and determine the following actions when all the defendants at the time of commencement of the action, reside in the county in which said court is held, the actions were debt, assumpsit and covenant, when the debt did not exceed $2,000, &c., &c.

The Court of Appeals held, in *Frees* v. *Ford*, 2 Seld., 176, that a declaration in assumpsit in an action brought in the County Court that did not aver or show that the defendant was a resident of the county in which the suit was commenced was not sufficient to sustain a judgment in favor of the plaintiff.

This case is conclusive as to the insufficiency of the complaint in the case before us, unless the necessity of the averment of defendant's residence has been obviated by the new judiciary article of the Constitution, or unless the defect could not be taken advantage of by demurrer.

So far from the new judiciary article obviating the necessity of the averment of residence, it contains the restriction upon the jurisdiction contained in the section of the judiciary act above cited, that the defendants must be residents of the county in which the action is brought.

By section 144 of the Code, the defendant may demur to the complaint when it shall appear, upon the face thereof, either first, that the court has no jurisdiction of the person of the defendant, or the subject of the action.

By section 147, when any of the matters enumerated in section 144 do not appear, on the face of the complaint, the objection may be taken by answer.

To confer jurisdiction on the County Court the complaint must, upon its face, show that the defendant is a resident of the county in which the action is commenced; and if that fact does not appear, the court has not jurisdiction.

The want of jurisdiction appears upon the face of the complaint within the meaning of these words, as used in section 144 of the Code. The demurrer was, therefore, the proper mode of presenting the defect, and should have been sustained by the Special Term.

The order of the Special Term must be reversed, with leave to plaintiff to amend, on payment of costs in the court below, and of this appeal.