## N. Y. COMMON PLEAS.

### FREDERICK GEMP agt. JAMES PRATT.

*Jurisdiction of the court of common pleas.*

By the act of 1873, chapter 239, the court of common pleas of the city of New York has jurisdiction over a defendant, served with process in any county of the state, and this includes actions where the cause of action arose in the city of New York, but the defendant did not reside there, as well as actions where the cause of action did not arise and defendant did not reside in the city.

The "Code of Civil Procedure," section 263, subdivision 2, provides in express terms that this court shall have jurisdiction in such cases, and the codifiers state that revision to be, in their opinion, declaratory of the law as it now exists.

*Special Term, May,* 1877.

MOTION to set aside service of summons and complaint on the ground that the court (of common pleas for the city and county of New York) has no jurisdiction.

The complaint sets forth a cause of action for goods sold and delivered to defendant at the city of New York.

The summons and complaint were served upon defendant in Queens county, state of New York, where he then resided.

J. F. DALY, *J.* — Under section 33 of the Code this court had no jurisdiction of a merely personal or transitory action, unless the defendant was a resident of the city of New York or was served with the summons therein. The act of 1873, chapter 239, conferred jurisdiction over a defendant served with our process in any county of the state, and this included, of course, actions where the cause of action arose in the city of

New York, but the defendant did not reside there, as well as actions where the cause of action did not arise and defendant did not reside in this city, although jurisdiction was not specifically given in either case and general language only was used to extend the jurisdiction. In *Sanders* agt. *Staten Island Railroad Company* (53 *N. Y.*, 450), the court of appeals held that the legislature had no power to confer on a local court (the city court of Brooklyn) jurisdiction of a personal or transitory action where the cause of action did not arise in the city where such court was located, if the defendant did not reside or was not served with the summons in such city. The case of *Hoag* agt. *Lamont* (60 *N. Y.*, 96), was substantially to the same effect.

In *Bidwell* agt. *Astor Mutual Life Insurance Company* (16 *N. Y.*, 263), and *International Bank* agt. *Bradley* (19 *N. Y.*, 245), judgments of the superior court of Buffalo, a local court, were sustained, the cause of action having arisen in that city, but defendants served elsewhere, being non-residents of the city.

But, in the case of the superior court of Buffalo and the city court of Brooklyn, jurisdiction in cases where the cause of action arose in the respective cities where those courts were located, independent of the residence of defendants or the service of the summons, was expressly conferred in terms by the statutes (*As to Buffalo, Laws of* 1854, *chap.* 96, *sections* 9 *and* 10; *as to Brooklyn, Laws of* 1870, *chap.* 470; *Laws of* 1871, *chap.* 282).

But in the cases cited, respecting the jurisdiction of the superior court of Buffalo (16 *N. Y.*, 263; 19 *id.*, 245), the question of the constitutionality of the provisions of law conferring such jurisdiction was not considered; and, in the cases respecting the jurisdiction of the city court of Brooklyn (53 *N. Y.*, 450; 60 *id.*, 96), there is no express decision that such jurisdiction was properly conferred, but, on the other hand, no intimation to the contrary.

As I have said, such jurisdiction is not conferred upon the

Gemp agt. Pratt.

court of common pleas in express terms, but is included in the general enlargement of jurisdiction enacted by the legislature in 1873. Whatever enlarged jurisdiction conferred by the act of 1873 does not fall within the view of the decision in the cases of Sanders and Lamont (*supra*), but may be exercised without violating the spirit of those cases, it is the duty of this court to exercise when suitors require it.

The conferring upon a local court (whose jurisdiction is general and unlimited, except as to territory) by the legislature, under the provisions of article 6, section 14, of jurisdiction over personal actions, where the cause of action arose in the city in which such court is established, is not such an infringement of the Constitution(*art.* 6, *sec.* 6) relating to the general jurisdiction of the supreme court and the judicial system of the state, as the jurisdiction attempted to be exercised in the *Sanders Case* and the *Lamont Case* (*supra*). Where parties who do not reside in the city come there to make contracts, the legislature may well give to the local courts of the city power to enforce the contract or to entertain an action for the breach of it, even if it be necessary to send its process into other parts of the state in order to summon the defendants to answer. Especially is this the case where the defendants only are non-residents of the city.

The remedial code (*sec.* 263, *sub.* 2) provides, in express terms, that this court shall have jurisdiction in such cases, and the codifiers state that provision to be, in their opinion, declaratory of the law as it now exists.

The case of *Toole* agt. *Covert* (15 *Abb.* [*N. S.*], 193), does not appear to be a case in which the cause of action arose in this city, and does not, therefore, control.

Motion denied, with ten dollars costs to abide event of action.