DUDLEY B. HOLBROOK, APPELLANT, *v.* JOHN BAKER, RESPONDENT.

*Complaint in County Court — failure to allege that defendant is a resident, does not render it demurrable.*

Where a complaint, in an action brought in a County Court, fails to allege that the defendant is a resident of the county, a dismissal thereof on the trial, on the ground that it did not state that the defendant was a resident of the county, will not be sustained where the defendant has answered on the merits.

*Judge* v. *Hall* (5 Lans., 69), overruled.

APPEAL from a judgment entered, in the County Court of Westchester county, upon an order dismissing the complaint herein, on the ground that it appeared from the complaint that the court had not jurisdiction of the action.

This action was brought in the Westchester County Court to recover for goods, wares and merchandise sold and delivered. The defendant appeared by his attorney, and answered on the merits. On the trial, after a jury had been impanneled and sworn, a motion was made by defendant's counsel to dismiss the complaint, on the ground that it did not state upon its face that the defendant was a resident of the county of Westchester, which was granted. The complaint alleged, "that at the several and respective days and times hereinafter mentioned and set forth, the above-named defendant was a resident of the village of Sing Sing, in the county of Westchester."

*Wm. G. Valentine*, for the appellant.

*C. B. Palmer*, for the respondent.

GILBERT, J.:

If the complaint in this case does not show that the County Court had jurisdiction of the person of the defendant, it contains nothing showing that such court had not jurisdiction thereof. The complaint was dismissed on the latter ground. That was error. In the case of *Judge* v. *Hall* (5 Lans., 69), this point was, we think, erroneously decided. The Code of Civil Procedure (§ 498) author-

izes such an objection to be taken by answer. If not so taken, it is waived, for when the court has jurisdiction of the subject-matter an appearance will confer jurisdiction of the person. (*McCormick* v. *Penn. Cent. R. R.*, 49 N. Y., 303.) We are inclined to hold that the complaint shows on its face that the court had jurisdiction of the person of the defendant; but it is not necessary to determine that point.

The judgment must be reversed, with costs.

BARNARD, P. J., and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.