# ERIE COUNTY COURT.

## CONRAD LENHARD agt. JOHN LYNCH.

*Jurisdiction of county courts as affected by chapter 480, Laws of 1880 — Constitutional law.*

Chapter 480 of the Laws of 1880, which purported to increase the jurisdiction of the county courts from *one* to *three thousand dollars*, is now of no force or effect, for two reasons:

*First.* Because it attempted to amend a law which had been already repealed in express terms.

*Second.* Because it is in conflict with that provision of the constitution, which, by necessary implication, limits the jurisdiction of the county courts in this class of actions to those cases "in which the damages claimed shall not exceed $1,000" (*This is adverse to Sweet* agt. *Flannagan,* 61 *How.*, 327).

*March,* 1881.

MOTION for a new trial on the minutes.

*L. Le Clear,* for plaintiff and for motion.

*Lewis & Rice,* for defendant, opposed.

WM. W. HAMMOND, *County Judge.* — This action was brought to recover upon a contract for work, labor and services by plaintiff in teaching defendant the art of photographing on china, and for damages for defendant's refusal to furnish money and carry out his agreement to enter into partnership with plaintiff in carrying on said business ; for all of which plaintiff demanded judgment against defendant in the sum of $3,000.

Defendant's answer is a general denial and sets up a counter-claim or offset for money loaned by him to plaintiff, and for which three promissory notes were given to him by plaintiff for the sum of $3,000.

Lenhard agt. Lynch.

Upon trial the jury rendered a verdict in favor of defendant and against the plaintiff for over $2,700, and this motion is made upon the minutes by plaintiff to set aside this verdict upon various grounds, but none of which I shall consider except the one as to the jurisdiction of the court, as it is my opinion that the motion would have to be denied were it not for this objection to the jurisdiction; and if I am correct in the view I have taken of this, and the conclusion I have arrived at in considering it, this ground of objection to the verdict is fatal.

This question of jurisdiction was not in any manner raised or mentioned upon the trial of this action, and has not been raised or passed upon in any manner in this state under the act conferring additional jurisdiction upon the county courts by chapter 480, Laws 1880, that I can find.

The constitution of 1846 (art. 6, sec. 14) provided: "The county courts shall have such jurisdiction in cases arising in justices courts and in special cases as the legislature may prescribe, but shall have no original civil jurisdiction except in such special cases." The old Code provided (chap. 379, Laws 1848, as amended by chap. 438, Laws 1849) that the county court has jurisdiction in civil actions "in which the relief demanded is the recovery of a sum of money not exceeding five hundred dollars," &c. This was the extent of the jurisdiction of the county courts in this respect up to the time of the amendment of the judiciary article of the constitution in 1870. Section 15 of the article as then amended provides as follows, which is now in force:

"The existing county courts are continued, and the judges thereof in office, at the adoption of this article, shall hold their offices until the expiration of their respective terms. Their successors shall be chosen by the electors of the counties for the term of six years. The county courts shall have the powers and jurisdiction they now possess until altered by the legislature. They shall also have original jurisdiction in all cases where the defendants reside in the county, and in

which the damages claimed shall not exceed one thousand dollars, and also such appellate jurisdiction as shall be provided by law, subject, however, to such provision as shall be made by law for the removal of causes into the supreme court. They shall also have such other original jurisdiction as shall from time to time be conferred upon them by the legislature," &c. Chapter 467 of the Laws of 1870 was enacted at the first meeting of the legislature, after the adoption of the foregoing provision of the constitution, and provides that "the county courts, in addition to the powers they now possess, shall have jurisdiction in civil actions when the relief demanded is the recovery of a sum of money not exceeding one thousand dollars," &c.

Section 340 of the Code of Civil Procedure, which defines the jurisdiction of the county courts, provides therefor in accordance with the foregoing provisions of the constitution and took effect the 1st of September, 1877. Chapter 245 of the Laws of 1880 (the general repealing act passed May 10 1880) repealed the old Code of Procedure and all laws amending the same; also the above mentioned chapter 467 of the Laws of 1870 (which increased the jurisdiction from $500 up to $1,000), which said repealing act by its terms was to take effect the 1st of September, 1880. Chapter 480 of the Laws of 1880, passed May 28, 1880, provides as follows: "Section 1 of chapter 467 of the Laws of 1870, entitled 'An act in relation to county courts,' is hereby amended so as to read as follows: The county courts, in addition to the powers they now possess, shall have jurisdiction in civil actions when the relief demanded is the recovery of a sum of money not exceeding three thousand dollars, or the recovery," &c. This act by its terms was to take effect immediately, and says nothing of section 340 of the Code of Civil Procedure above alluded to which defines the jurisdiction of the county courts. Thus it will be seen that chapter 467, Laws of 1870, was expressly repealed by chapter 245, Laws of 1880, to take effect the 1st of September, 1880; and after the passage of this repealing act

Lenhard agt. Lynch.

chapter 480 was passed, which amended the act thus expressly repealed (the amending act), to take effect immediately.

What is the effect of this amendment? It is a well-established rule in the construction or interpretation of statutes that if there is a disagreement between two statutes, such exposition should be made as that both may stand together, if possible (*McCarter* agt. *Orphan*, &c., 9 *Cow.*, 437). Applying this rule, chapter 480 would take effect upon its passage, and would remain in effect so long as the chapter which it amended; and when the act thus amended ceased to exist, the amending act would also cease with it. It does not seem as though this could have been the intention of the legislature, still if this was not their intention, why did they not amend section 340 of the Code of Civil Procedure, which provided the same thing, and was not repealed, instead of amending an act which they had already repealed? Judging from these acts of the legislature and the language used by them, I am of the opinion that chapter 480 must be held to be of no force after the act which it amended ceased to exist.

But if it should be conceded that chapter 480, by implication, repealed the repealing act, and revived that part of chapter 467, Laws of 1870, which was thus amended, there still remains the very serious question as to whether chapter 480 is not in plain conflict with that provision of the constitution above quoted : " They shall also have original jurisdiction in all cases where the defendants reside in the county, *and in which the damages claimed shall not exceed one thousand dollars.*"

It seems to me that, by necessary implication, this must be held to be a limitation in the constitution, and to exclude the jurisdiction of the county courts in those cases in which the damages claimed shall exceed $1,000. The clause following, after providing for appellate jurisdiction, &c.: " They shall also have such *other* original jurisdiction as shall from time to time be conferred upon them by the legislature," I think, refers to *new powers* and *other subjects* and *other matters than*

*those mentioned and specified,* and cannot be held to give the legislature authority to increase the *amount* for which damages may be claimed, *that having been, in the preceding clause quoted, expressly provided for.*

From these considerations it will be seen that we reach the conclusion that chapter 480, which purported to increase the jurisdiction of the county courts from $1,000 to $3,000, is now of no force or effect for two reasons : First, because it attempted to amend a law which had been already repealed in express terms; and, second, because it is in conflict with that provision of the constitution which, by necessary implication, limits the jurisdiction of the county courts in this class of actions to those cases "in which the damages claimed shall not exceed one thousand dollars."

As to the effect of this conclusion upon this action, I think the general doctrine is correctly stated in *McIntyre* agt. *Carriern* (17 *Hun,* 64), where it is held that, in an action where both summons and complaint demand judgment for over $1,000, the court gets no jurisdiction of the action, and cannot even grant an amendment reducing it to $1,000, so as to thereby give the court jurisdiction (*See, also,* 13 *Barb.,* 330, *and* 6 *Hill,* 631). I think it must follow, if the court has no jurisdiction, that it cannot render any valid judgment in the action, and the whole proceedings must be dismissed.

For these reasons the motion to set aside the verdict is granted, and the entire proceedings dismissed, but without costs to either party as against the other in this court.