Nott, Gounty Judge.
— This is an action to recover damages for injury to personal property caused by defendant’s negligence in operating its railroad through the village of West Troy, in this county. The case was tried and submitted to the jury, which rendered a verdict for the plaintiff. The defendant now moves for a new trial, and that the complaint herein be *54 dismissed. Two questions are presented for the consideration of the court, first, whether this court has such jurisdiction as to entertain the action; and second, if it has not, has the defendant waived, or is it concluded from raising the point. The complaint alleges that the defendant is a domestic corporation under our laws, and is engaged in the business of carrying freight and passengers for hire in various parts of the state, including the county of Albany, and that a part of its line of road is located in this county. The answer of the defendant admits that it is a domestic corporation, and avers that its principal place of business is and was at and long before the commencement of this action established by its articles of association and actually located in the city of New York ; that its principal place of business never was established or located in the county of Albany, and that the summons was served upon defendant in the city of New York. It also puts in issue the various allegations in the complaint. On the trial it was established that the defendant, being a railroad corporation, operated its road through various counties of this state, including Albany county, and that by the articles of association, and in fact, its principal place of business is and was located in the city of New York, and that the summons herein was served upon one of the officers of the defendant in the city of New York.
Corporations created under the laws of this state are residents of the state, and an examination of the adjudications of our courts will show that their residence may be localized into one county or exist in many counties at the same time. For the purpose of ascertaining the place of venue in the supreme court against a railroad company, any county in which it operates its road may be regarded as its residence (Pond agt. H. R. R. Co., 17 How., 543). So with reference to an action in the justices’ court (Belden agt. The N. Y. & H. R. R. R. Co., 15 How., 17; Sherwood agt. The S. & W. R. R. Co., 15 Barb., 650). So with regard to highway labor (The People agt. H. R. R. R. Co., 31 Barb., 138).. So for the purposes *55 of taxation (The People agt. Fredericks, 48 Barb., 173 ; 48 N. Y., 70). If there was no special provision in regard to the county court, these authorities would control us and we should hold the action could he maintained against the defendant in this county.
The Code of Oivil Procedure provides that for the purpose of determining the jurisdiction of the county court, a domestic corporation or joint-stock association whose principal place of business is established by or pursuant to a statute, or by its articles of association, or is actually located within the county, is deemed a resident of the county, and personal service of a summons made within the county as prescribed by the Code is sufficient (Sec. 341). Our jurisdiction, therefore, by this provision, in the case of a domestic corporation, depends first upon the location within our county of its principal place of business, whether by force of a special statute or its articles of association, or its actual location; and secondly, personal service of the summons within the county upon one of those of its officers who may be served under the Code of Civil Procedure with a summons in an action against it.
The provisions of the constitution in reference to the county court (art. 6, sec. 15) are broad enough to permit the legislature to confer this power Upon the county court in the cases of corporations doing business in the county, and that it is so is eminently proper to cover cases where large business enterprises are carried on within the county, and some of its chief officers are within the county directing its important offices, although the principal office may be located in another county (Gemp agt. Pratt, 7 Daly, 197, distinquishinq Landers agt. The S. I. R. R. Co., 53 N. Y., 450).
Here the principal place of business of the defendant, by its articles of association, and in fact, is located-within New York county, and the summons was not served in this county. The conclusion reached is that this court has not jurisdiction over the defendant.
This brings us to the consideration of the second question: *56 Has the defendant waived, or is it concluded from raising the objection? The plaintifi insists that the defendant having answered and appeared generally in the action, although by its answer it raised the issue of its residence, it cannot now say that it is a non-resident of the county, as the court could acquire jurisdiction of the defendant by the service of the summons upon a proper officer of the company within the county, which could not be done in the case of an individual.
I am of opinion that the allegations of the complaint as to residence were sufficient, and as the defect of which the defendant complains did not appear on the face of the complaint, he could not demur (Code, see. 488). The objection to the jurisdiction was therefore properly taken, by answer (Code, sec. 498 ; Holbrook agt. Baker, 16 Hun, 176; Mayhew agt. Robinson, 10 How., 162-165), and was not waived by appearance in the action and an answer therein setting up the objection (Sullivan agt. Frazer, 4 Robt., 620 ; Wheeloch agt. Lee, 74 N. Y., 497, 498).
In opposition to the rule at common-law, under the Code, a defendant may plead as many defenses as he has, whether, as formerly denominated, to the jurisdiction in abatement or in bar (Code, sec. 507 ; Sweet agt. Tuttle, 16 N. Y., 465). It follows, therefore, that the general appearance of the defendant, distinctly by its pleading giving notice of its intention to raise the question of jurisdiction, is no waiver, nor does it conclude the defendant from insisting on the want of jurisdiction of this court (Landers agt. The S. I. R. R. Co., 53 N. Y., 450; Davidsburgh agt. The K. L. Ins. Co., 90 N. Y., 526). The cases cited by the plaintiffs counsel (Paulding agt. Hudson Man. Co., 2 E. D. Smith, 38; Ballard agt. Burrows, 2 Robt., 206; Olcott agt. McLean, 73 N. Y., 223) do not apply to this case.
An order must be entered granting the motion of the-defendant and awarding a new trial; and the complaint should be dismissed.
*57 Note.— The principal case holds that the county court has jurisdiction in actions against domestic corporations:
First. In the county where the principal office is located.
Second. In the county where the summons is served, although the principal office be located elsewhere, if its business is transacted in whole or in part in the county.
The Code {sec 341) confers jurisdiction in those two cases, and a question suggests itself whether the later clause of this section is constitutional.
In Landers agt. The Staten Island Railroad Company (53 N. Y., 450) it was held that such an analogous provision with reference to the city court of Brooklyn was void. In the case of joint debtors, where one is served with process, the others residing out of that city, a judgment may be taken in form against all, but can affect only the individual property of the defendant served and the property owned jointly by all (Hoag agt. Lamont, 60 N. Y., 90 ; S. C., 16 Abb. Pr. R. [N. S.], 91, 369; see, also, as to same court, Davidsburgh agt. The Knickerbocker Life Insurance Company, 90 N. Y., 526; Wheelock agt. Lee 74, N. Y., 495). But these decisions have been explained in Gemp agt. Pratt (7 Daly, 197), judge J. F. Daly, says: “In Bidwell agt. Astor Mutual Life Insurance Company (16 N. Y., 263) and International Bank agt. Bradley (19 id., 245) judgments of the superior court of the city of Buffalo, a local court, were sustained, the cause of action having arisen in that city, but the defendants served elsewhere, being non-residents of the city. * * * But in the cases cited respecting the jurisdiction of the superior court of Buffalo, the question of the constitutionality of the provisions of law was not considered; and in the cases respecting the jurisdiction of the city court of Brooklyn (53 N. Y., 450; 60 N. Y., 96). There is no express decision that such jurisdiction was properly conferred, but, on the other hand, no intimation to the contrary. * * * Whatever enlarged jurisdiction, conferred by the act of 1873, does not fall within the view of the decisions in the cases of Landers and Lamont (supra), but may be exercised without violating the spirit of those cases, it is the duty of this court to exercise when suitors require it.” Section 15, article 6 of the constitution, provides: "The county court shall have the powers and jurisdiction they now possess, until altered by the legislature. They shall also have original jurisdiction in all cases -where the defendants reside in the county. * * * They shall also have such other original jurisdiction as shall from time to time, be conferred upon them by the legislature.” This provision is much broader than that of section twelve of the same article relating to city courts. The cases cited by judge Nott show that a domestic corporation has a residence wherever it does business (and cases cited in 1 Rorer on Railroads, 64, et seq.), and but for the restrictive words of the Code (sea. 341), the county court would have jurisdiction over such corporations, irrespective of the location of their principal office, as they possessed prior to the amended judiciary article (See Conroe agt. The Nat. Pro. Ins. Co., 10 How. Pr., 403).
*58 The Complaint.
The jurisdiction of a superior city court must always be presumed, and it is not necessary to set forth in the complaint any of the jurisdictional facts (Code, sec. 266; Brooks agt. Mexican Nat. Cons. Co., 50 N. Y. Supr. Ct. R., 287). The Code contains no such provision in reference to the county court. In the county court, if the summons and complaint claim over $1,000, there is no power to amend so as to bring it within the constitutional limit (McIntyre agt. Carriere, 17 Hun, 64; see Lenhard, agt. Lynch, 62 How. Pr., 56, and Sweet agt. Flannagan, 61 How. Pr., 827), although if the summons was for relief, the complaint may be amended in that respect (McIntyre agt. Carriere, supra). Following Frees agt. Ford (6 N. Y., 176), the general term of the fourth department held that to confer jurisdiction on the county court, the complaint must show upon its face that the defendant is a resident of the county in which the action is commenced (Judge agt. Hall, 5 Lans., 69; but see Holbrook agt. Baker, 16 Hun, 176). In Gracie agt. Palmer (8 Wheat., 699), the United States supreme court held that it is not necessary to aver on the record that the defendant in the circuit court was an inhabitant of the district, or was found therein at the time of serving the writ (Field’s Fed. Jud., 128,177,191). The general railroad acts do not require corporations formed under them to indicate a principal office or place of business (Colby’s N. Y. R. R. Laws, 6, 559). As to other .corporations see Southworth & Jones on Corporations (14); The People agt. Beach (19 Hun, 259).
Demurrer or Answer.
Holbrook agt. Baker (supra) disapproves of Judge agt. Hall (supra), and holds that the defense of nou-residence must be taken by answer, and unless so taken it is waived (Lake agt. Miller, 15 Hun, 356; Potter agt. Neal, 62 How. Pr., 158). In Judge agt. HaU the court sustained a demurrer to a complaint which contained no allegation as to the residence of the defendant within the county. A party defendant may be added in a proper case, although the moving papers fail to show residence of the party within the county on the ground that “the question of jurisdiction is personal to Doyle himself, and if he is not a resident of the county he he may elect not to raise the question ” (Lewin agt. Wright, 31 Hun, 327, 329).- [Ed.