ALBERT GILBERT, JR., AND CHARLES H. JONES, APPELLANTS, *v.* WARREN D. YORK AND SELA D. YORK, RESPONDENTS.

*Pleading — when a complaint in a County Court is demurrable if it does not allege the defendant to be a resident of the county.*

In this action, brought in the County Court of Chautauqua county to recover the price of a quantity of flour alleged to have been sold and delivered by the plaintiffs to the defendants, the complaint alleged that the defendants, as well as the plaintiffs, were engaged in business in the county of Chautauqua, but it contained no averment as to the residence of either of the parties. The

defendants demurred upon the ground that, as it did not appear from the complaint that the defendants were residents of the county of Chautauqua, the complaint failed to show that the court had jurisdiction of the subject of the action or of the person of the defendant.

*Held,* that the demurrer should be sustained.

*Judge* v. *Hall* (5 Lans., 69) followed; *Holbrook* v. *Baker* (16 Hun, 176); *Heenan* v. *New York, West Shore and Buffalo Railroad Company* (34 id., 602) distinguished.

APPEAL from a judgment of the Chautauqua County Court, sustaining a demurrer interposed to the complaint.

The defendants appeared by an attorney and demurred to the complaint upon the grounds :

*First.* That the complaint does not state facts sufficient to constitute a cause of action. ·

*Second.* That the complaint does not state facts showing that the court has jurisdiction of the persons of the defendants.

*Third.* That the complaint does not state facts showing that the court has jurisdiction of the subject-matter of this action.

*Fourth.* That it does not appear by the complaint that, at the time of the commencement of this action, the defendants were residents of Chautauqua county.

*J. A. Parsons* and *John Woodward*, for the appellants.

*Record & Hooker*, for the respondents.

SMITH, P. J. :

Action to recover the sum of fifty-seven dollars and fifty cents, the price of a quantity of flour alleged to have been sold and delivered by the plaintiffs to the defendants. The complaint alleges that the defendants, as well as the plaintiffs, were engaged in business in the county of Chautauqua, but it contains no averment as to the residence of either of the parties. The lack of an averment that the defendants were residents of the county of Chautauqua, at the time of the commencement of the action, is the ground upon which the respondents' counsel contends that the demurrer should be sustained.

The appellants' counsel insists that, as it does not appear upon the face of the complaint that the defendants are not residents of the county, the demurrer is not well taken, and that if they do not reside in the county, their remedy is to set up the fact in their

answer as a defense.  It is true that a demurrer will not lie to a complaint, except for objections appearing upon the face thereof (Code Civil Pro., § 488), and where the ground of demurrer does not appear on the face of the complaint, the objection may be taken by answer.  (Id., § 498.)

The question is, therefore, whether the omission of an averment that the defendants are residents of the county, makes the complaint demurrable on its face.  And that question will be answered by determining whether the fact of residence within the county is essential to the jurisdiction of the County Court.  For if it is, the omission to aver it is a fatal defect, apparent on the face of the complaint, inasmuch as the complaint must allege every fact necessary to a good cause of action.  Under the Constitution of 1846, it was held that the County Courts have not a general jurisdiction, as had the Courts of Common Pleas, which they superseded, but that they are new courts with a special, limited and statutory jurisdiction. (*Frees* v. *Ford*, 2 Seld., 176.)

The Constitution now in force continues the County Courts as they existed under the Constitution of 1846, and provides that they shall have the powers and jurisdiction which they possessed thereunder, and shall also have original jurisdiction in all cases where the defendants reside in the county, and in which the damages claimed shall not exceed $1,000.  (Art. 6, § 15.)  A provision corresponding to the latter has been enacted by the legislature. (Code Civil Pro., § 340, sub. 3.)  There is authority for saying that the provisions above referred to make the fact of the defendants' residence within the county a requisite to jurisdiction, not only of the person of the defendant, but also of the action.

In *Frees* v. *Ford* (*supra*), which was an action in a County Court, the complaint did not contain any allegation as to the residence of the defendant.  The defendant pleaded that the cause of action was not subject to the jurisdiction of the County Court.  The plaintiff demurred to the plea, and it was adjudged in his favor.  The Supreme Court affirmed, but, on appeal to the court of last resort, the judgment was reversed, on the ground that the fact of residence was jurisdictional, and, it not appearing on the record, the defect was fatal.

There are analogous decisions to the same effect.  In *Burckle* v.

*Eckhart* (3 Comst., 132) a question of jurisdiction arose under a provision of the Revised Statutes, which declared that every circuit judge, within the limits of his circuit, shall, concurrently with the chancellor, have and exercise all the original jurisdiction and powers vested in the chancellor, in all cases and matters in equity, where such causes and matters shall have arisen within the circuit of such judge, or * * * where the defendants or persons proceeded against, or either of them, reside within such limits. (2 R. S., 168, § 2.) It was held that in a case under the latter clause, the residence of a defendant within the limits of the circuit is a jurisdictional fact, and where that is wanting, the mere appearance of the defendant does not cure the defect. GARDINER, J., speaking for a majority of the court, said : " The residence of a defendant within the limits of the circuit, according to the third subdivision of the second section of the statute above quoted, is a jurisdictional fact, which must exist before the court can act at all, either by issuing process or accepting the appearance of a defendant. It is necessary to give jurisdiction of the cause, not of the person." (P. 137.)

*Wheelock* v. *Lee* (74 N. Y., 495) was an action commenced in the City Court of Brooklyn, the jurisdiction of which was held to be limited to cases in which the cause of action arose within its territorial limits, and cases in which the subject of the action was situated, or the party proceeded against resided, or was served with process, within those limits. It was also held that some one or more of these elements of locality must exist to confer upon the court jurisdiction of the cause ; and that where no other ground of jurisdiction exists, the service within the county is a jurisdictional fact. " Its omission," said RAPALLO, J., speaking for all the members of the court who took part in the decision, " is not cured by an appearance, for the objection is not simply that the court has not jurisdiction of the person of the defendant, but that it has not jurisdiction of the cause."

The same doctrine was reiterated in the recent case of *Davidsburgh* v. *Knickerbocker Life Insurance Company* (90 N. Y., 526), which, also, was an action brought in the City Court of Brooklyn. The defendant was a domestic corporation. The summons was served upon the secretary of the corporation, in the city of Brooklyn, where he resided. The defendant appeared generally in the action

and answered, and in no manner before trial complained that it was not regularly in court, or that the court had not jurisdiction. On the trial it appeared that the defendant was established and transacted its general business in the city of New York, and at the close of plaintiff's case, the court, on motion of the defendant's counsel, dismissed the complaint for want of jurisdiction. The Court of Appeals held no error; that the court could not acquire jurisdiction of the action by consent, and might, whenever its attention was called to the matter, refuse to exceed the powers conferred upon it by the statute. "There are, no doubt," said the court "many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision, but where the State prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such case the particular condition or status of the defendant is made a jurisdictional fact." (P. 530.) *Judge* v. *Hall* (5 Lans., 69), decided by the General Term in the old Fourth Department, is an adjudication in point, in the defendant's favor.

There is another class of cases in which it has been held, or *dicta* have been uttered to the effect, not that the fact of residence is not jurisdictional, but that it relates to jurisdiction of the person of the defendant, and not of the action, and, therefore, that the objection that such fact is not alleged in the complaint, may be waived. An expression at the close of the dissenting opinion of WELLS, J., in *Frees* v. *Ford* (*supra*), seems to present that idea.

The case of *Holbrook* v. *Baker* (16 Hun, 176), cited by the appellants' counsel, is to that effect. The counsel contends that it overrules *Judge* v. *Hall* (*supra*). It is true the reporter has so noted it, and the opinion is there expressed that *Judge* v. *Hall* was erroneously decided. But it seems to us that the two cases are not necessarily in conflict. In Holbrook's case, the complaint alleged that at the several days and times thereinafter mentioned, "the above-named defendant was a resident of the village of Sing Sing, in the county of Westchester." The action was brought in the County Court of Westchester. The court, in the Second Department, inclined to the opinion that the complaint showed on its face, that the County Court had jurisdiction of the person of the defendant, but did not determine the point. We

think the decision might well have been put upon the ground that the allegation was sufficient to give jurisdiction. (*Burns* v. *O'Neil*, 10 Hun, 494.) But, in another respect, the case differs from the one before us. The defendant, instead of demurring, answered on the merits and went to trial, and, after a jury had been impanneled, raised the objection for the first time, by a motion to dismiss the complaint. The General Term evidently took the view that the objection went only to the jurisdiction of the person, and that the conduct of the defendant was a waiver. In that view the case does not conflict with *Judge* v. *Hall*, in respect to the proposition that an allegation of residence is requisite to jurisdiction of the person. Upon that point it is in accord with *Dake* v. *Miller* (15 Hun, 356), where the opinion was written by the same judge who wrote in *Judge* v. *Hall*.

In *Heenan* v. *New York, West Shore and Buffalo Railroad Company* (34 Hun, 602), also cited by the appellants' counsel, the allegations in the complaint, as to residence, were held sufficient, and the point decided was, that the defendant, by appearing and controverting those allegations and setting up the fact of non-residence in his answer, did not waive the objection to the jurisdiction. And in that case it was said by the court that "the question is not one of jurisdiction of the person of the defendant merely. It is one as to the limitation of the power of the County Court." (P. 605.)

All the cases to which our attention has been called are agreed that the lack of an allegation of residence in the complaint is a jurisdictional defect, the only point of difference being whether it goes to jurisdiction of the cause of action or only to jurisdiction of the person of the defendant, in which case it may be waived. But even the latter view of the matter does not aid the plaintiffs, for in this case there has been no waiver. The defendants have simply availed themselves of their remedy by demurrer, and that they have done promptly.

The judgment should be affirmed, with costs, with leave to the plaintiffs to amend in twenty days on payment of the costs of this appeal and of the demurrer.

Haight and Bradley, JJ., concurred; Barker, J., taking no part.

Judgment affirmed, with costs, with leave to the plaintiffs to amend their complaint within twenty days on payment of the costs of the demurrer and of this appeal.