ISAAC HAMPTON, Appellant, *v.* MARTIN S. HAMSHER, Respondent.

*Court of Appeals, Jan. 22, 1891.*

Aff'g 46 Hun, 144.

*Highways. Commissioner.*—The commissioner of highways is not liable to a landowner for the value of labor rendered by him under protest, where the assessment was erroneously made by the assessors through ignorance of changes in the statute, and he had jurisdiction to assess the person.

Appeal from the judgment of the general term of the supreme court, reversing a judgment of the county court, and affirming a judgment of a justice of the peace.

*John M. McNair,* for appellant.

*Charles J. Bissell,* for respondent.

PER CURIAM.—Section 4 of title 2 of chapter 13 of part 1 of the Revised Statutes was amended by chapter 287 of the Laws of 1871 so that it read as follows : " Sec 4. When the

line between two towns or wards divides a farm or lot, the same shall be taxed, if occupied, in the town or ward where the occupant resides ; except when such town line shall also be a county line, in which case each part shall be assessed in the town in which the same shall be situated, in the same manner as unoccupied lands are now assessed." This section was repealed by chapter 355 of the Laws of 1872, and from that time there was no statute on this subject until 1886, when the section was re-enacted: " Sec. 4. When the line between two towns, wards or counties divides a farm or lot, the same shall be taxed, if occupied, in the town, ward or county where the occupant resides ; if unoccupied, each part shall be assessed in the town, ward, village or county where the same shall lie." Chap. 315, Laws 1886.

In 1884 and 1885 the plaintiff was a resident of the town of Ossian, and owned and occupied a farm, one-half of which was in that town and the other half in the town of Nunda.

In 1884 the assessors of the town of Ossian, not knowing of the repeal of § 4 by chapter 355 of the Laws of 1872, assessed the whole of the plaintiff's farm in that town for town, county and state taxes.

Section 19 of title 1, chapter 16 of part 1 of the Revised Statutes provides : " Sec. 19. Every person owning or occupying land in the town in which he or she resides, and every male inhabitant above the age of twenty-one years residing in the town when the assessment is made, shall be assessed to work on the public highways of the town, and the lands of non-residents situated in such town shall be assessed for highway labor as hereinafter directed."

Section 24 of the same chapter provides : " Sec. 24. In making such estimate and assessment the commissioner shall proceed as follows : 1. The whole number of days' work to be assessed in each year shall be ascertained, and shall be at least three times the number of taxable inhabitants in such town. 2. Every male inhabitant above the age of twenty-one years (with certain exceptions), shall be assessed

at least one day.    3. The residue of such days' work shall be apportioned upon the  estate, real and personal, of  every inhabitant of such town, as the same shall appear upon the last assessment roll of said town, and upon each tract or parcel of land, of  which the  owners  are  non-residents, contained in the list made as aforesaid."

In 1885 the defendant was the sole commissioner of highways of Ossian, and he  assessed  the  plaintiff  for  highway labor on his whole farm three and  one-half days, being the proportion of that part  situated in Nunda, and  delivered the list to the overseer of the proper road district.    This tax the plaintiff worked out at the demand of  the  overseer, but protested against its legality.    It is agreed that the commissioner made the assessment believing that he  was bound to follow the town assessment roll  of the previous year, and also that he had jurisdiction to assess the plaintiff for highway labor, but it is  asserted  that the commissioner erred in apportioning any day's labor on account of that part of the farm situated in Nunda.    The defendant, having jurisdiction to assess the plaintiff and having apportioned the number of days' labor to be rendered according to the valuation of his estate as it appeared on  the  last preceding assessment roll, as commanded by the 24th section of the  statute, he is not liable to the plaintiff for the value of the labor rendered by him in satisfaction of the assessment.    People *v.* Pierce, 31 Barb. 138; Trustees of  the Village of  Angelica *v.* Morse, 56 Id. 380.    The cause of the alleged erroneous assessment was the mistake of the assessors of  the town, but the commissioner, having obeyed the command of a valid statute, is not liable to this plaintiff in damages for the  error of the assessors.

The judgment should be affirmed with costs.

All concur, BROWN, J., in the result, except BRADLEY and HAIGHT, JJ., not sitting.