support it. I will, however, cite a few of the earlier and more important decisions of the supreme court by which the doctrine was established, and the rule defined, viz.: Polk's Lessee v. Wendell, 9 Cranch [13 U. S.] 87; Mutual Assur. Soc. v. Watts, 1 Wheat. [14 U. S.] 279; Shipp v. Miller's Heirs, 2 Wheat. [15 U. S.] 316; Gardner v. Collins, 2 Pet. [27 U. S.] 58; Thatcher v. Powell, 6 Wheat. [19 U. S.] 119; Shelby v. Guy, 11 Wheat. [24 U. S.] 361; Jackson v. Chew, 12 Wheat. [25 U. S.] 153; Green v. Neal, 6 Pet. [31 U. S.] 291.

It is equally well settled by the same high authority, as well as by the numerous decisions in the United States circuit court, that state statutes, like those of Michigan above quoted, defining the effect of a judgment in ejectment upon the title in question, are "laws respecting titles to land," and so within the general rule last above stated. In Blanchard v. Brown, 3 Wall. [70 U. S.] 249, a statute of Illinois, like the Michigan statute in all respects, being under consideration, the court say: "This court, in the case of Miles v. Caldwell, 2 Wall. [69 U. S.] 44, in construing a statute (of Missouri) no broader than the Illinois enactment, held, that whatever is conclusive of the title to land in the courts of a state is equally conclusive in the federal courts; that it is, in fact, a rule of property." In that case the court not only apply this doctrine to the Illinois statute, but they mention those other provisions of the statute in respect to new trials, evidently as constituting a part of the same enactment, and of course subject to the same construction and application. In addition to the above two cases, see Sturdy v. Jackaway, 4 Wall. [71 U. S.] 176, in which the above two cases are cited and approved; also Evans v. Patterson, Id. 224; Barrows v. Kindred, Id. 399.

I think enough has now been said and shown to furnish a complete solution of the question before the court, and to establish, it seems to me beyond a question, that the statute of Michigan governing new trials in ejectment suits constitutes the rule of decision for this court; and such I understand to have been the uniform practice of this court. The costs and damages having been paid, the motion to vacate judgment, and for a new trial, is accordingly granted.

### Case No. 6,505.

#### HILLIARD v. BREVOORT.

[4 McLean, 24.][1]

Circuit Court, D. Michigan. June Term, 1845.

EQUITY PLEADING — AVERMENT OF CITIZENSHIP— EXCEPTIONS.

1. A want of an averment of citizenship if not made in a bill or declaration, or where it is falsely alleged, should be taken advantage of by pleading.

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. Unless such an averment be contradicted, it need not be proved on the trial or hearing.

3. Where the exception is taken, the court will permit an amendment.

In equity.

Barstow & Lockwood, for plaintiff.
Vandyke & Harrington, for defendant.

OPINION OF THE COURT. This is a bill in chancery, to which a demurrer is filed, on the ground that there is no positive averment in the bill that the plaintiff is a citizen of the state of Ohio. The averment of citizenship, it is contended, must be clear and positive, as on that depends the jurisdiction of the court. [Thatcher v. Powell] 6 Wheat. [19 U. S.] 119. If this averment be doubtful, it can not be held sufficient. If the averment be a mere residence, and not a citizenship, it will not be within the law. But this averment need never be proved, unless it be denied in the plea and answer. If the citizenship be improperly or falsely alleged, the defendant must reply to it if he wish to controvert the fact averred. At one time, it was held by a circuit court of the United States that the fact of citizenship must be proved on the general issue, but this has long since been overruled, and the law is now settled as above stated. The court will permit an amendment, as a matter of course, of a defect of the kind alleged; but in the present bill, we think the averment is certain, and within the law. The demurrer is overruled.

HILLIARD (FOSTER v.). See Case No. 4,972.

### Case No. 6,506.

#### HILLIARD et al. v. HARPER et al.

[The case reported under above title in 4 Law Rep. 334, is the same as Case No. 5,716.]

HILLIARD (UNITED STATES v.). See Cases Nos. 15,367 and 15,368.

### Case No. 6,507.

#### HILLS v. ALDEN et al.

[2 Hask. 299.][1]

District Court, D. Maine. Dec., 1878.

BANKRUPTCY — FRAUDULENT SALE BY ASSIGNEE — POWER OF REGISTER—ACQUIESCENCE OF CREDITORS.

1. A register in bankruptcy had authority, under the bankrupt act of 1867 [14 Stat. 517], as amended by the act of 1874 [18 Stat. 178], to designate the newspaper that should contain notices of sales, by the assignee, of the unencumbered real estate of the bankrupt.

2. The designation by a register, pursuant to rule of court of certain newspapers, approved by the court, wherein all notices required under the bankrupt law should be published, is a

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]