County Court, Monroe County, February, 1901.   Unreported.

In the Matter of the Petition of GEORGE W. PECK to Revoke the Liquor Tax Certificate of JOHN A. BUCKLEY.

*Nelson E. Spencer,* for petitioner.

*Fahy Galligan,* for respondent.

SUTHERLAND, J.   Upon the whole evidence submitted, it is established that intoxicating liquors were unlawfully sold in the hotel of the respondent to Wilson and Loucks, on Sunday, July 22, 1900, by an agent, servant and employee of respondent.

Findings may be prepared, together with a final order, and submitted for settlement on two days' notice; and the petitioner is entitled to taxable costs and disbursements.

When the motion for the revocation was made the respondent raised, for the first time, an objection to the jurisdiction of the county judge to act in the premises, and moved for a dismissal of the whole proceeding upon the ground that the petition contains no averment that the petitioner is a citizen of the State of New York.

Undoubtedly the petition is defective in this regard, as the statute requires the petitioner, under section 28, to be a citizen, and the petition, which inaugurates the proceeding, should state all the facts which establish the jurisdiction of the county judge to proceed with the case.   (*People ex rel. Smaw* v. *McGowan,* 44 App. Div. 30.)   In the case just cited the respondent did not contest the application upon the merits, but challenged the sufficiency of the verification of the petition.   His objection was

held good by the trial judge, and on appeal the order dismissing the proceeding was sustained on the ground that although the verification was good the petition did not contain an allegation showing petitioner to be authorized to institute the proceeding as a taxpayer of the county, under section 29 of the Liquor Tax Law.

But in this case no preliminary objection was taken to the sufficiency of the petition; an answer was filed on the merits, a reference was ordered and a large number of hearings were had before the referee, on the first of which the petitioner testified that he is a citizen, of the State of New York. On the incoming of the referee's report with an opinion adverse to the respondent on the question of illegal sales, a motion was made by the respondent to reopen the case for the purpose of taking the evidence of a witness who was absent from the State at the time of the previous hearings but had since returned. An order was made permitting the case to be reopened on the payment of the referee's and stenographer's fees and ten dollars motion costs. At the end of the time prescribed for the performance of these conditions the respondent again appeared and asked for further extension of time to pay the costs which was denied, and then, for the first time, the objection was raised as to the sufficiency of the petition.

Under the circumstances it is too late for the respondent to raise the objection, and if necessary an amendment should be allowed *nunc pro tunc* permitting an allegation to be inserted in the petition of the citizenship of the petitioner, to conform to the proofs actually taken. It is true that the county judge sitting in this proceeding has a limited jurisdiction. But the duty is imposed upon him to hear and determine the matter, and where the jurisdictional facts exist, the county judge must be deemed to be invested with such incidental power as is inherent in other judicial tribunals in the trial of such cases, to insure the accomplishment of the just objects sought to be attained by the conferring of such judicial authority. I think there is no doubt but that a county judge holding a proceeding under this act is authorized to grant such an amendment. As was said by Mr. Justice Swayne in the United States Supreme Court in *Tilton* v. *Cofield,* 93 U. S. 163, "Allowing amendments is incidental to the exercise of all judicial power and is indispensable to the ends of justice."

29

It has been held repeatedly that although the United States District Courts are courts of limited jurisdiction, in cases where jurisdiction depends upon the fact that plaintiff and defendant are citizens of different States, if the fact actually exists, although it is not stated in the pleadings and an answer on the merits is filed, the defect in the complaint is amendable on motion. (*Hilliard* v. *Brevoort,* 4 McLean, 24; *Morgans, Exr.,* v. *Gay,* 19 Wallace, 81.) It is sufficient to sustain the judgment if somewhere in the record the jurisdictional fact appears. (*Denny* v. *Pironi,* 141 U. S. 121.) In courts of inferior jurisdiction of this State, where jurisdiction of the action depends upon the residence of the defendant, it has been held that going to trial upon the merits without raising any objection as to the sufficiency of the complaint is a waiver of the defect if the proper residence is proven on the trial, and that an amendment, if necessary, should be allowed to the complaint after the trial. (*Hogan* v. *Glueck,* 2 App. Div. 82; *Jenkin* v. *Hall,* 66 State Reporter, 201; *Bunker* v. *Langs,* 76 Hun, 543.) The rule is stated in the Encyclopaedia of Pleading and Practice, Vol. 1, page 511, as follows: " Where the court has jurisdiction of the subject-matter and the defendant has appeared in court to contest the merits, the declaration or complaint may be amended by inserting averments necessary to perfect the jurisdiction of the court upon the record."

The respondent relies upon *People ex rel. Ryan* v. *Spencer,* 55 N. Y. 1, and *People ex rel. Green* v. *Smith,* 55 N. Y. 137, to support his contention that this proceeding is *coram non judice.* But the cases just cited arose under the act permitting towns to be bonded to aid in the construction of railroads. It was there held that the jurisdiction of the county judge to make any adjudication under the act was contingent upon the presentation to him, in the first instance, of a petition in strict conformity with the act. But the reason for the very stringent rule adopted by the Court of Appeals in the line of cases arising under that act is seen in the statement of Judge Andrews in *Town of Wellsboro* v. *N. Y. C. & H. R. R. Co.,* 76 N. Y. 182: "The bonding acts are subversive of the just rights of the minority who do not consent to the issue of the bonds." Only a portion of the taxpayers petitioned that the town be bonded and only a small number appeared in the proceeding as contestants. The result of the proceeding was to cast a charge upon the entire taxable property in the town, and

those taxpayers who did not appear as petitioners or contestants could not be said to consent to anything in derogation of their rights; and it is plain that the same rule permitting an amendment could not apply in such a case as obtains in these proceedings, where the only party affected has appeared and answered upon the merits and gone to trial and heard the defect in the petition supplied by proof without objection being raised.