ceedings by the people of the state of. New York against William E. Tench.

PER CURIAM. Judgment and conviction affirmed. Held (1) that the crime of rape may be shown by circumstantial evidence, the same as any other fact; (2) that the facts and circumstances disclosed by the evidence in this case fully justified the jury in rendering the verdict of guilty as charged in the indictment; and (3) that none of the exceptions to the admission or exclusion of evidence present such error as under the circumstances of this case requires a reversal of the judgment and conviction. All concur, except LAUGHLIN, J., who dissents, upon the ground that under the authority of People v. Kennedy, 164 N. Y. 449, 58 N. E. 652, the exceptions to the reception of evidence as to the conversation between complainant and the police officers present reversible error.

PEOPLE, Appellant, v. WIARD, Respondent. (Supreme Court, Appellate Division, Fourth Department. April 4, 1901.) Proceedings by the people of the state of New York against Matthew Wiard.

PER CURIAM. Plaintiff's exceptions overruled, motion denied, and judgment ordered for the defendant on the verdict, with costs. Held, that the analysis of a sample of milk taken from only part of the product delivered by the producer at any one time to a single purchaser will not afford a basis for an action for a penalty under the agricultural law.

McLENNAN, J., dissents, upon the ground that, under the agricultural law, which provides for making a chemical analysis of a sample of milk delivered by a producer as one step in determining whether such milk has been adulterated, it is not necessary to mix all the milk delivered at one time by the producer and take a sample for such analysis from the whole, in order to make such analysis the basis of an action to recover the penalty fixed by the statute; but the analysis of a sample taken from a single can or package may be made the basis of such an action, provided, only, that the sample so taken from such single can or package shall be a fair sample. Whether or not the sample taken and analyzed in this case was a fair sample was a question of fact, which should have been submitted to the jury.

PEOPLE ex rel. BEAMER v. DIEHL, Mayor, et al. (Supreme Court, Appellate Division, Fourth Department. March 26, 1901.) Proceedings by the people of the state of New York, on the relation of Elmer E. Beamer, against Conrad Diehl, mayor of the city of Buffalo, and others. No opinion. Determination of the commissioners confirmed, and writ dismissed, with $50 costs and disbursements. All concur, except SPRING and LAUGHLIN, JJ., who dissent, and favor reversal, and reinstatement of relator, without further trial.

PEOPLE ex rel. FRANK BREWERY, Appellant, v. LYMAN, Com'r, Respondent. (Supreme Court, Appellate Division, First Department. March 22, 1901.) Proceedings by the people of the state of New York, on the rela-

tion of the Frank Brewery, against Henry H. Lyman, commissioner. A. R. Page, for appellant. H. H. Kellogg, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. CANISUS COLLEGE OF BUFFALO, Respondent, v. MOCK et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 26, 1901.) Proceedings by the people of the state of New York, on the relation of the Canisus College of Buffalo, N. Y., against Nicholas J. Mock and others. No opinion. Judgment and order affirmed, with costs. All concur, except SPRING, J., who dissents.

PEOPLE ex rel. EHRLICH, Respondent, v. GRANT, Appellant. (Supreme Court, Appellate Division, First Department. April 4, 1901.) Proceedings by the people of the state of New York, on the relation of Jeanette Ehrlich, against Hugh J. Grant, late sheriff, etc. L. G. Reed, for appellant. D. L. Berier, for respondent. No opinion. Reargument ordered.

PEOPLE ex rel. GOETTING, Respondent, v. ALWANG, Appellant. (Supreme Court, Appellate Division, Second Department. March 27, 1901.) Proceedings by the people of the state of New York, on the relation of A. H. Goetting, as commissioner, etc., upon the complaint of Nora Fackleman, against William Alwang. No opinion. Motion for reargument granted.

PEOPLE ex rel. GROGAN, Appellant, v. YORK et al., Respondents. (Supreme Court, Appellate Division, First Department. March 8, 1901.) Proceedings by the people of the state of New York, on the relation of Thomas R. Grogan, against Bernard J. York and others. L. J. Grant, for appellant. T. Farley, for respondents. No opinion. Writ dismissed, and proceedings affirmed, with costs.

PEOPLE ex rel. HALLEY v. ROOSEVELT et al. (Supreme Court, Appellate Division, First Department. March 8, 1901.) Proceedings by the people of the state of New York, on the relation of J. L. Halley, against Theodore Roosevelt and others. F. B. House, for relator. T. Farley, for respondent. No opinion. Writ dismissed, and proceedings affirmed, with costs.

PEOPLE ex rel. HERRLICH, Appellant, v. ROOSEVELT et al., Respondents. (Supreme Court, Appellate Division, First Department. March 8, 1901.) Proceedings by the people of the state of New York, on the relation of Henry Herrlich, against Theodore Roosevelt and others. L. J. Grant, for appellant. T. Farley, for respondents. No opinion. Writ dismissed, and proceedings affirmed, with costs.

PEOPLE ex rel. HODNETT v. LEGGETT. (Supreme Court, Appellate Division, Fourth Department. March 19, 1901.) Proceedings by the people of the state of New York, on the relation of Daniel E. Hodnett, against John C.