PEOPLE v. BAILEY.

(Supreme Court, Appellate Division, Third Department.    December 30, 1909.)

1. COURTS (§ 183*)—COUNTY COURT—JURISDICTION.
    Under Const. art. 6, § 14, giving the County Courts original jurisdiction in actions for the recovery of money only where defendants reside in the county, and Code Civ. Proc. § 340, to the same effect, the County Court has no jurisdiction of an original action brought therein unless defendant is a resident of the county.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 183.*]

2. COURTS (§ 23*)—JURISDICTION—CONSENT OF PARTIES.
    Consent of parties will not confer jurisdiction where the statute or Constitution has actually denied it.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 75; Dec. Dig. § 23.*]

3. PLEADING (§ 406*)—DEFECTS—WAIVER.
    Under the rule that a question of practice may be waived, and that a suitor by his laches may put himself in a position where he cannot take advantage of a mistake in the practice of his adversary, defendant by answering and failing to take advantage of a neglect to allege that he was a resident of the county, so as to give the county court jurisdiction, waived an omission of the complaint in that respect.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1361; Dec. Dig. § 406.*]

4. FOOD (§ 16*)—MILK—ADULTERATION—SUFFICIENCY OF EVIDENCE.
    Where defendant was not only a vendor, but a producer, of milk, a sample from one of two cans from which he was selling milk was sufficient as proof of a violation of the agricultural law (now Consol. Laws, c. 1, §§ 30, 32), prohibiting the selling of impure milk.
    [Ed. Note.—For other cases, see Food, Cent. Dig. § 16; Dec. Dig. § 16.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. Food (§ 16*)—Milk—Adulteration—Complaint—Sufficiency.

> Agricultural Law, § 12 (now Consol. Laws, c. 1, § 35), fixing the stand-ard for pure milk, and providing that, if the herd sample is deficient as the sample tested, there shall be no prosecution, is evidentiary, and hence, in a prosecution under sections 20 and 22 (sections 30, 32) for selling impure milk, the tests need not be alleged in the complaint.

> [Ed. Note.—For other cases, see Food, Cent. Dig. § 16; Dec. Dig. § 16.*].

6. Food (§ 16*)—Milk—Adulteration—Evidence.

> In an action by the people to recover the penalty for selling impure milk, plaintiff is not confined to the chemical analysis provided by Agricultural Law, § 12 (now Consol. Laws, c. 1, § 35), but may in any proper way show that the milk was not normal.

> [Ed. Note.—For other cases, see Food, Cent. Dig. § 16; Dec. Dig. § 16.*]

Appeal from Trial Term, Albany County.

Action by the People against Webster Bailey. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James S. Fursman, for appellant.
John F. Brady (Charles H. F. Reilly, of counsel), for the People.

JOHN M. KELLOGG, J. The County Court has no jurisdiction of an original action brought therein, unless the defendant is a resident of the county. Section 14, art. 6, Const. N. Y.; Code Civ. Proc. § 340. Consent of the parties will not confer jurisdiction where the statute or Constitution has actually denied it. In this case, therefore, if the defendant had not been a resident of the county of Albany, the judgment against him could not stand. The defendant was in fact a resident of that county, and therefore the plaintiff had the right to bring this action against him to recover the penalties sought. As the defendant was a resident of the county, we are remitted to a simple question of practice, and may safely assume that the plaintiff should have alleged in his complaint the facts showing that the County Court could entertain the action.

A question of practice may be waived, and a suitor by his laches may put himself in a position where he cannot take advantage of a mistake in the practice of his adversary. In Bunker v. Langs, 76 Hun, 543, 28 N. Y. Supp. 210, the defendant was actually a resident of the county, but the complaint in the County Court did not allege that fact. The defendant answered without raising any question as to the omission in the complaint, and it was held that he had waived the question and was not able to take advantage of it upon the trial. That case establishes that the defendant has waived in this case the right to take any advantage on account of the omission in the complaint. In Henneke v. Schmidt, 121 App. Div. 516, 106 N. Y. Supp. 138, the defendant was a resident of the county, but the complaint did not allege the fact, and upon the trial the court dismissed the action, holding that it had not jurisdiction to try it or to allow the plaintiff to amend his complaint. The Appellate Division reversed the judgment, holding

the trial court had the power to grant the amendment, and should have done so. In effect that case treats the matter as we do, as one of practice if the defendant is in fact a resident of the county. If the question was waived, it was not error to receive evidence that the defendant resided in the county, and, if necessary, the court should have permitted the amendment to the complaint which the plaintiff asked and to which the defendant objected. The defendant is not therefore in a position to urge that he has been prejudiced with reference to these matters.

The defendant had two cans upon his wagon from which he was evidently selling milk. There were two or three other cans which had no milk in them. The sample tested was taken but from one can. The appellant contends that this was not a fair test, and that, if the test is to be compared with the herd sample, all the milk from the herd which the defendant had at the time should have been mixed and a sample taken from both cans. He relies upon People v. Wiard, 61 App. Div. 612, 69 N. Y. Supp. 1142, in which it was held that the sample taken from only part of the product delivered by the producer at one time to a single purchaser will not afford the basis for an action under the agricultural law. Here the defendant was not only a producer, but a vendor, and it is improbable that he sold to the same purchaser a part from one can and a part from the other. Evidently each sale was made from a single can. If the purchaser had brought 20 cans to a dealer and sold and delivered them as one transaction, it is probable that the sample should represent the milk in each and all the cans; but, if a dealer and producer has 20 cans and sells from one, the sample from that one is sufficient.

Appellant contends that the complaint does not allege a cause of action because it does not set forth the analysis of the first sample, and then state that a herd sample had been taken, and that the first sample was not as good as the herd sample. The crime is in selling impure and adulterated milk under sections 20 and 22 of the agricultural law (now Consol. Laws, c. 1, §§ 30, 32), and the complaint alleged a violation of those sections. Section 12 (now section 35) provides for inspection, and fixes the standard for pure milk, and provides that, if the herd sample is deficient as the sample tested, there shall be no prosecution. Section 12 is a means of furnishing evidence by which it can be proved that the milk was adulterated, impure, and unwholesome, and therefore the tests need not be alleged. This is held in People v. Woodbeck, 55 App. Div. 277, 67 N. Y. Supp. 38, which I think is controlling upon that point.

Appellant contends that a conviction was had upon other evidence than the chemical analysis provided by the statute. Plaintiff's experts were permitted to show that they were familiar with the lactometer and its use, and were experts upon that subject; that it gave the specific gravity of this milk of 94 at 64 degrees temperature, which indicated that it was not normal milk. I do not think the plaintiff is confined to the chemical analysis provided by section 12 of the statute, but that it was permitted in any proper way to show that the milk was impure and adulterated. Section 12 is intended to furnish a more

definite and exact line of proof, but I think any evidence tending to show that milk was not normal milk is some evidence for consideration by the jury.

The judgment and order should therefore be affirmed, with costs. All concur.