JOHN MEYERS, Respondent, v. AMERICAN LOCOMOTIVE COMPANY, Appellant.

County Court — jurisdiction — when failure to allege facts showing jurisdiction of County Court waived by defendant's appearance and answer without raising the question.

In an action in the County Court of Chautauqua county against a domestic corporation, the only allegation of the complaint as to defendant's residence is that the defendant "has, operates and maintains one of its plants, shops or factories at Dunkirk, Chautauqua county, N. Y." *Held*, that while, in the absence of an effective waiver, an allegation that the defendant's principal place of business was established in that county by or pursuant to a statute or by its articles of association or was actually located therein, was a prerequisite to the assumption of jurisdiction of the person of defendant, and in its absence defendant might have demurred or declined to appear and answer, the objection was waived by appearing and answering upon the merits without raising it. (*Bunker* v. *Langs*, 76 Hun, 543, approved.)

*Meyers* v. *American Locomotive Co.*, 140 App. Div. 882, affirmed.

(Argued February 21, 1911; decided March 3, 1911.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 19, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Elton D. Warner* for appellant. The Chautauqua County Court was without jurisdiction of the cause of action in this case, and the judgment appealed from must be reversed and the complaint dismissed. (Code Civ. Pro. §§ 340, 341; *Heenan* v. *R. R. Co.*, 34 Hun, 602; *Gilbert* v. *York*, 111 N. Y. 544; *Matter of Baker*, 173 N. Y. 252; *Judge* v. *Hall*, 5 Lans. 69; *Beaudrias* v. *Hogan*, 16 App. Div. 38; *Baxter* v. *McDonnell*, 18 App. Div. 235; *Frees* v. *Blyth*, 99 App. Div. 541; *Henneke* v. *Schmidt*, 121 App. Div. 516; *Simmons Co.* v. *Costello*, 63 App. Div. 428; *Chambers* v. *F. & B. Co.*, 56 N. Y. Supp. 338; *Weinstein* v. *Douglas*, 101 N. Y. Supp. 251.)

*Nelson J. Palmer* for respondent. The Chautauqua County Court had jurisdiction of the cause of action. The defendant waived objection to the jurisdiction of its person by appearing and pleading to the merits without objection. (*Bunker* v. *Langs*, 76 Hun, 543; *Dake* v. *Miller*, 15 Hun, 356; *Clapp* v. *Graves*, 26 N. Y. 418; *McMahon* v. *Sherman*, 14 N. Y. S. R. 637; *Ross* v. *Konor*, 17 N. Y. S. R. 465; *Holbrok* v. *Baker*, 16 Hun, 176; *Bucklin* v. *Chapin*, 53 Barb. 488; *Burling* v. *Freeman*, 2 Hun, 661; *Potter* v. *Neal*, 62 How. Pr. 158; 31 Hun, 86; *McCormick* v. *P. C. R. R. Co.*, 49 N. Y. 303; *Hill* v. *Moebus*, 31 Misc. Rep. 134; *Weidman* v. *Sibley*, 16 App. Div. 616; *Vogel* v. *Banks*, 60 App. Div. 459; *Henneke* v. *Schmidt*, 121 App. Div. 516; *People* v. *Bailey*, 136 App. Div. 130.)

WILLARD BARTLETT, J. This is an action for negligence brought in the County Court of Chautauqua county against a domestic corporation. The complaint alleged that the defendant "has, operates and maintains one of its plants, shops or factories at Dunkirk, Chautauqua County, N. Y." This is the only allegation which the complaint contains in reference to the residence of the defendant corporation. The answer denied specifically the acts alleged in the complaint as constituting the defendant's negligence and also pleaded an assumption of the risks of the employment by the plaintiff.

It contained no reference of any kind to the allegation of the complaint in regard to the location of the defendant's plant nor did it raise in any manner any objection to the sufficiency of the complaint in the matter of the defendant's residence. Upon the trial there was a motion to dismiss the complaint on several grounds, one of which was that it failed to state facts showing a cause of action. There was a verdict for the plaintiff, which has been unanimously affirmed by the Appellate Division. A further appeal has been allowed by one of the judges of this court on the express ground that the case of *Bunker* v. *Langs* (76 Hun, 543) has been questioned in other judicial decisions of more recent date — that case having held that an omission to allege in the complaint in a County Court action that the defendant is a resident of such county is waived where the defendant appears and answers on the merits without objection.

Section 14 of article VI of the Constitution of 1894 provides that County Courts shall have the powers and jurisdiction they now possess " where the defendants reside in the county." Section 341 of the Code of Civil Procedure provides that for the purpose of determining the jurisdiction of a County Court, a domestic corporation, whose principal place of business is established by or pursuant to a statute or by its articles of association, or is actually located within the county, is deemed a resident of the county.

The appellant contends that it was essential to the sufficiency of the complaint in this action brought, as it was, in the County Court of Chautauqua county, to allege that the defendant's principal place of business was established in that county by or pursuant to a statute or by its articles of association or was actually located therein ; and that in the absence of such an allegation the complaint was fatally defective. There is no doubt under the authorities that in the absence of an effective waiver such an allegation as to the defendant's residence was a prerequisite to the assumption of jurisdiction of the person of the defendant ; and that in its absence the defendant might have demurred or declined to

appear and answer the complaint. In the case of *Bunker* v. *Langs* (*supra*), however, the General Term of the Supreme Court in the fifth department held that such an objection was waived by appearing and answering upon the merits without raising it. The General Term consisted of DWIGHT, P. J., and LEWIS, HAIGHT and BRADLEY, JJ., and the opinion was written by Mr. Justice BRADLEY. Referring to the rule (Code Civ. Proc. § 499) that an objection to the jurisdiction of the court although not taken by demurrer or answer is not waived, he said : " This evidently has relation to the jurisdiction of the subject-matter, which, if not within the jurisdiction of the court, cannot be conferred upon it by consent of the parties. The rule is otherwise as to the person. A defendant may submit himself to the jurisdiction of a court although the process by which the plaintiff has attempted to institute an action against him is ineffectual for the purpose, and if he appear and plead to the merits without objection, the want of jurisdiction of his person is waived." (p. 544.)

In *Clapp* v. *Graves* (26 N. Y. 418), decided by this court in 1863, it was held that " in all the cases where the defendant has appeared and answered to the merits, without raising any objection to the process, it has been held that the court had jurisdiction of his person, and if it had jurisdiction of the subject-matter of the action, its jurisdiction was perfect." (p. 421.) The general rule that jurisdiction of the person may be conferred by appearing by attorney and answering generally in an action where the court has jurisdiction of the subject-matter must be regarded as having been definitely established in this state at all events since the decision in *McCormick* v. *Penn. Central R. R. Co.* (49 N. Y. 303). It follows that the determination of the present appeal depends upon the question whether the jurisdiction involved here relates to the person of the defendant or the cause of action itself. If it relates to the person the objection was waived by the interposition of an answer upon the merits containing no suggestion of any jurisdictional defect in the complaint.

It seems to me perfectly clear that the question of juris-

diction with which we have to deal here is one of jurisdiction over the person as distinguished from one of jurisdiction over the subject-matter. It is possible to conceive of cases in which the residence of a defendant might be so indissolubly connected with the subject-matter as to constitute a part thereof — as, for example, in the case of a statute whose operation was confined to the residents of a particular locality and which did not apply to other residents of the state. Here, however, there is no necessary connection between the place of business of the defendant corporation and its liability for the negligence which is the subject-matter of the suit. The distinction between the jurisdiction of the County Court as applied to the person of the defendant and the jurisdiction of the County Court as applied to the subject-matter of the action is just as complete and obvious as it was in the case of *Bunker* v. *Langs* (*supra*). I think that case was correctly decided, and that the rule laid down therein should receive our approval.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, VANN, WERNER and CHASE, JJ., concur; HAIGHT, J., absent.

Judgment affirmed.