SAMUEL LEVINE, an Infant, by ARTHUR LEVINE, His Guardian ad Litem, Appellant, v. BORDEN'S CONDENSED MILK COMPANY, Respondent.

*Court — jurisdiction of County Courts — foreign corporation.*

Appeal from a judgment, entered in the Bronx county clerk's office December 18, 1916, dismissing the complaint at the close of the plaintiff's case upon a trial in the County Court, Bronx county.

Judgment reversed and new trial ordered, with costs to appellant to abide event, on the authority of *Meyers* v. *American Locomotive Co.* (201 N. Y. 163). Present — Clarke, P. J., Scott, Dowling, Page and Davis, JJ.; Page and Davis, JJ., dissented.

PAGE, J. (dissenting): While the case of *Meyers* v. *American Locomotive Co.* (201 N. Y. 163) would seem to require a reversal of this judgment, I cannot believe it was the intention of that court to extend the jurisdiction of County Courts to foreign corporations and residents of other States, thus overruling many of their own decisions, to which reference is not made in the opinion nor in briefs of counsel. Briefly stated, the facts in the case at bar are these: An action was commenced in the County Court of Bronx county against the Borden's Condensed Milk Company to recover $2,000 damages for personal injuries sustained by reason of the alleged negligence of the defendant. The complaint alleges that the defendant is a New Jersey corporation doing business in this State and that part of its plant is actually located within the county of Bronx. The defendant's answer consisted practically of a general denial and a plea of contributory negligence. Upon the trial, at the conclusion of the plaintiff's case, the defendant's attorney moved to dismiss the complaint upon the ground that the court had no jurisdiction. The judge granted the motion. In my opinion, this decision was right. The Constitution of the State of New York provides: " County Courts shall have * * * original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars." (Art. 6, § 14.) A foreign corporation cannot become a resident of a State other than the State of its creation. (*Paul* v. *Virginia*, 75 U. S. [8 Wall.] 181.) As a condition of allowing the foreign corporation to do business in the State, this State may impose such conditions as it sees fit, and can confer jurisdiction upon a court of limited jurisdiction over such a corporation. (Code Civ. Proc. § 315, subd. 1; Mun. Ct. Code, § 6, subd. 4.*) But by doing business within the State and maintaining a place for the transaction of such business, the foreign corpora-

---

* Laws of 1915, chap. 279, § 6, subd. 4.— [REP.

tion does not, and from its very nature cannot, become a resident of the State or of the county in which it maintains its place of business. As shown above, the jurisdiction of the County Court is limited to causes of action against residents of the county. It has been repeatedly held, where the jurisdiction of the court is thus limited, that the residence of the defendant is a part of the subject-matter of the action, and lack of residence is a jurisdictional fact that is not waived by an appearance. (*Burckle* v. *Eckhart*, 3 N. Y. 132; *Wheelock* v. *Lee*, 74 id. 495, 498; *Davidsburgh* v. *Knickerbocker Life Ins. Co.*, 90 id. 526; *Maisch* v. *City of New York*, 193 id. 460, 463; *Parkhurst* v. *Rochester Machine Co.*, 65 Hun, 489.) In *Burckle* v. *Eckhart* (*supra*) the action was brought in the court of the vice-chancellor; the jurisdiction of the vice-chancellor was limited by statute to actions against residents of his circuit and it was claimed in that action that, the defendants having appeared and answered, they had waived the jurisdictional defect, although they were not residents of the circuit. The court said (p. 137): "The jurisdiction of courts is conferred by law, and in no case by consent of parties. When jurisdiction of the subject and person is required as a prerequisite to judicial action, a defendant may waive any irregularities in the mode by which his person is sought to be subjected to the jurisdiction of the court, by a voluntary appearance. He may dispense with the service of process, as he may waive any other personal privilege. But when the defendant is in court as a party, the law gives jurisdiction of the person, without regard to the question whether his appearance was voluntary or by compulsion. That is all that is meant by consent giving jurisdiction of the person, and all that is decided in the cases to which we have been referred [citing authorities]. The residence of a defendant within the limits of the circuit, according to the 3d subdivision of 2d section of the statute above quoted,* is a jurisdictional fact which must exist before the court can act at all, either by issuing process or accepting the appearance of a defendant. It is necessary to give jurisdiction of the cause, not of the person. In such case there can be no waiver." In *Davidsburgh* v. *Knickerbocker Life Ins. Co.* (*supra*) the action was brought in the City Court of Brooklyn against a domestic corporation having its principal place of business in New York city. The defendant appeared generally in the action and in no manner before trial complained that it was not regularly in court or that the court had not jurisdiction either over it or the cause of action. The court said (p. 529): "In the present case the defendant did not take the objection by its answer, but at the end of the plaintiff's case. The point of time does not seem material. The court could not acquire jurisdiction by consent, and might, whenever its attention was called to the defect in the proceedings, refuse to exceed the powers conferred by the law of its creation. There are, no doubt, many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision, but where the State prescribes conditions under which a court may act, those conditions cannot be dispensed with by

---

* See 2 R. S. 168, § 2, subd. 3.— [REP.

litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact." In *Parkhurst* v. *Rochester Machine Co.* (*supra*), at page 490, it was held that the objection to the jurisdiction of the County Court in an action against a foreign corporation, although taken for the first time on appeal, was fatal to the judgment. The court said: "The County Court has no jurisdiction of the cause of action in this case, because it has no jurisdiction of any cause of action in any case against a foreign corporation." The cases relied upon by the appellant are not directly in point, as in none was the question of the jurisdiction of a court of limited jurisdiction over a foreign corporation involved. *McCormick* v. *Pennsylvania Central R. R. Co.*, (49 N. Y. 303) and *Reed* v. *Chilson* (142 id. 152) dealt with actions commenced in the Supreme Court. In *Bunker* v. *Langs* (76 Hun, 543) the defendant was a resident of the county in the court of which the action was brought, and the question was one of pleading, whether it was necessary for that fact to appear by allegation in the complaint and also whether the defect could be cured by amendment. In *Meyers* v. *American Locomotive Co.* (201 N. Y. 163) the defendant was a domestic corporation. Until the Court of Appeals distinctly holds that the residence of the defendant within the county is not a prerequisite of jurisdiction of the cause of action, I am of opinion we should adhere to what has been the settled law of this State, and hold that the County Court does not have jurisdiction of any cause of action against a foreign corporation. Davis, J., concurred.