ALBERT GARDNER, Plaintiff, *v.* PATRICK CONDON, Defendant.

(County Court, Bronx County, November, 1921.)

Jurisdiction — County Courts — residence — a general appearance waives lack of jurisdiction over defendant's person — Civil Practice Act, § 278.

A County Court may acquire jurisdiction over the person of a defendant even though he be a non-resident of the county wherein the action is brought.

A defendant in a County Court action by the service of a general notice of appearance waives his right to question the jurisdiction of the court over his person.

Where the defendant has appeared generally in the action his motion for a dismissal of the complaint under section 278 of

the Civil Practice Act, upon the ground that it must appear upon the face of the complaint that he resides in the county in which the action is brought, will be denied, even though the complaint fails to allege that he is a resident of the county in which the action is brought.

MOTION for dismissal of complaint.

Mantinband & Krauss, for plaintiff.

Fred H. Rees, for defendant.

GIBBS, J.   This is a motion for an order dismissing the complaint in this action under section 278 of the Civil Practice Act upon the ground that the court has not jurisdiction over the person of the defendant.

The action was commenced by the service of a summons and complaint.  The defendant appeared by his attorney serving a notice of appearance demanding a copy of the complaint and all other papers in the action.  His time to answer was extended by stipulation.  Thereafter this motion was made for judgment dismissing the complaint.

The defendant contends that plaintiff has failed to allege that the defendant is a resident of the county of Bronx and that as a matter of fact he resides in Queens county.  He urges that before this court can have jurisdiction over the person of the defendant it must appear upon the face of the complaint that he resides in Bronx county.

I do not agree with this contention.  It is now well settled law that the County Court may acquire jurisdiction over the person of the defendant even though he be a non-resident of the county wherein the action is brought.  Although jurisdiction of the subject matter of an action cannot be acquired by consent, jurisdiction over the person may be.  *Meyers* v. *American*

*Locomotive Co.,* 201 N. Y. 163; *Levine* v. *Bordens Condensed Milk Co.,* 179 App. Div. 921; *Klein* v. *Director General, etc.,* 180 N. Y. Supp. 618.

The case at bar resolves itself, therefore, to the proposition as to whether the defendant has brought himself within the jurisdiction of this court. I believe he has. Section 237 of the Civil Practice Act provides the manner in which the defendant's appearance must be made. It provides among other things that he must appear by serving a notice of appearance. In the case before me, defendant served what is commonly called a general notice of appearance. In other words he appears generally in the action. By so doing he waives his right to question the jurisdiction of the court over his person. Had he wished to reserve that right he should have appeared specially. *Muslusky* v. *Lehigh Valley Coal Co.,* 225 N. Y. 584. In that case, Judge Pound writing for the court said at page 587: " When the summons has been served on a defendant who does not intend to submit himself to the jurisdiction of the court over his person, he may elect to remain out of court but he need not wait until the entry of judgment against him by default. He may appear specially. (*Goldey* v. *Morning News,* 156 U. S. 518; *Reed* v. *Chilson,* 142 N. Y. 152.) The special appearance is recognized only for the purpose of raising the question whether the court has obtained jurisdiction over the defendant personally or through his property. If the defendant serves a general notice of appearance, his right to assail the claim of jurisdiction over his person is waived. (Code Civ. Pro. sec. 421; *Reed* v. *Chilson, supra.*) " In the case of *Hober* v. *Reikert,* 162 N. Y. Supp. 328, it was held, that where the defendant appeared generally in an action any irregularity or lack of jurisdiction over his person was waived.

Appellate Term, First Department, November, 1921. [Vol. 117.

So in the case at bar, the defendant having appeared generally, this court acquired jurisdiction over his person even though he were a resident of another county.

The motion must, therefore, be denied with ten dollars costs.

Motion denied.