SOPHIA YAGER and Another, Plaintiffs, *v.* JOHN H. YAGER, Defendant.

County Court, Erie County, October 14, 1925.

**Pleadings — complaint — motion to dismiss complaint in action brought in Erie County Court by reason of failure to recite parties resided in said county — defect of jurisdiction not waived, within meaning of Civil Practice Act, § 278, by special appearance of defendant — objection of defendant, under Civil Practice Act, § 280, that complaint fails to state facts sufficient to constitute cause of action properly made — complaint dismissed.**

In an action brought in the County Court it is necessary that the complaint shall contain an allegation that defendant is a resident of the county in which the venue of the action is laid, so that the court may obtain jurisdiction of the person of the defendant. In the absence of such an allegation, said defect may be waived by defendant by answering. However, an objection thereto may be taken under the Civil Practice Act, sections 278 and 280.

Accordingly, defendant is entitled to a dismissal of plaintiff's complaint containing no allegation as to the residence of either the plaintiff or defendant, where the venue of the action is laid in the Erie County Court. The defect in the complaint was not waived, within the meaning of section 278 of the Civil Practice Act, by defendant's appearance specially for the making of the motion. Moreover, defendant's objection under the Civil Practice Act, section 280, that the complaint did not state facts sufficient to constitute a cause of action was properly made.

MOTION by the defendant to dismiss the complaint herein on the ground that it fails to state a cause of action.

*Ernest F. Kruse,* for the plaintiff.

*Ticknor & Pomeroy [Willard H. Ticknor* of counsel], for the defendant.

Noonan, J.:

The attorneys for the defendant appear " specially for the making of this motion and not otherwise," and the specific objection raised is that the complaint, served with the summons, has no allegation as to the residence of any of the parties named in it.

It has long been held that in an action brought in a County Court it is necessary that there should be an allegation in the complaint that the defendant is a resident of such county in order to enable the court to assume jurisdiction of the person of the defendant, and in the absence of such allegation the defendant may demur or decline to appear and answer the complaint. (*Frees* v. *Ford*, 6 N. Y. 176; *Judge* v. *Hall*, 5 Lans. 69; *Gilbert* v. *York*, 111 N. Y. 544; *Bunker* v. *Langs*, 76 Hun, 543; *Meyers* v. *Am. Locomotive Co.*, 201 N. Y. 163.)

The defect may be waived by answering on the merits (*Bunker* v. *Langs*, *supra*), but in the present case the defendant did not answer but appeared specially by counsel to assert his rights.

Counsel for plaintiff contends that the old code practice has been modified by sections 278 and 280 of the Civil Practice Act, and that the motion papers are defective in that the objections to the pleadings are not distinctly specified.

I do not think his contention is sound. Section 278 provides: " An objection on either of the following grounds, appearing on the face of a pleading, is waived unless taken by motion: 1. As to the complaint: (a) that the court has not jurisdiction of the person of the defendant in cases where jurisdiction may be acquired by his consent; * * *." Undoubtedly the defendant herein could have waived the defect (*Bunker* v. *Langs*, *supra*), but he did not. By motion he asserted his right to take advantage of it. Neither is the contention that the defendant has not complied with section 280 sound. That section, so far as applicable herein, is as follows: " * * * An objection under the last section but one must point out specifically the particular defect relied upon, *except* as otherwise provided in this section. An objection to a complaint, * * * that it does not state facts sufficient to constitute a cause of action * * * may be so stated without further particulars."

In my opinion the defendant has taken the proper steps to protect his rights and his motion must be granted, and the complaint herein dismissed, with costs. An order may be entered accordingly.