SOPHIA YAGER and Another, Appellants, *v.* JOHN H. YAGER, Respondent.

Fourth Department, December 23, 1925.

Pleadings — complaint — motion by defendant under Civil Practice Act, § 280, and Rules of Civil Practice, rule 106, to dismiss complaint in action in County Court on ground that it does not state facts sufficient to constitute cause of action — complaint in action in County Court must allege that defendant is resident of county — said defect can be raised only on motion addressed specifically thereto — said defect not raised by present motion.

In an action brought in a County Court, the plaintiffs are required to allege that the defendant is a resident of the county, and in case they do not do so, the defendant may move to dismiss the complaint on the ground of lack of jurisdiction of the person, but a motion, under section 280 of the Civil Practice Act and rule 106 of the Rules of Civil Practice, to dismiss the complaint on the sole ground that it fails to allege facts sufficient to constitute a cause of action, does not raise the question of jurisdiction, for that question can be raised only by a motion addressed specifically thereto.

APPEAL by the plaintiffs, Sophia Yager and another, from an order of the County Court of the county of Erie, entered in the office of the clerk of said county on the 19th day of October, 1925, dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The opinion of the County Court is reported in 125 Miscellaneous, 773.

*Ernest F. Kruse,* for the appellants.

*Willard H. Ticknor,* for the respondent.

SEARS, J.:

The complaint in this action in the County Court of Erie county contains no allegation as to the residence of the defendant. The defendant has appeared specially and made a motion under section 280 of the Civil Practice Act and rule 106 of the Rules of Civil Practice to dismiss the complaint on the sole ground that it fails to allege facts sufficient to constitute a cause of action.

The jurisdiction of the County Court is limited to cases in which the defendant is a resident of the county. (N. Y. Const. art. 6, § 14; Civ. Prac. Act, § 67, subd. 3.) It has long been the settled law that it is necessary to allege in the complaint in an action in the County Court the jurisdictional fact of defendant's residence. (*Gilbert* v. *York,* 111 N. Y. 544; *Free* v. *Ford,* 6 id. 176.) The absence of such an allegation gives rise to a presumption of defendant's residence elsewhere than within the county, and the lack

of jurisdiction of the person thus appears upon the face of the complaint. (*Free* v. *Ford, supra.*) The complaint in the present action is, therefore, defective and by proper motion the defendant could take advantage of this defect.

The defendant in this case, however, has not seen fit to question the complaint specifically on the ground that it appears upon its face that the court has not jurisdiction of the person, but solely on the ground that it fails to state facts sufficient to constitute a cause of action. These were formerly separate grounds for demurrer, and the objection based on lack of jurisdiction of the person of the defendant was required to be distinctly specified. (Code Civ. Proc. §§ 488, 490.) Under the new practice, although the demurrer has been abolished (Civ. Prac. Act, § 277), the motion which has been substituted for demurrer must similarly point out the specific ground where the objection is to the lack of jurisdiction of the person of the defendant. (Civ. Prac. Act, §§ 278, 280; Rules Civ. Prac. rule 106.) In analogous cases it has been held that an objection to a complaint by demurrer for failure to state facts sufficient to constitute a cause of action does not raise the objection that the plaintiff has not capacity to sue (*Fulton Fire Ins. Co.* v. *Baldwin,* 37 N. Y. 648; *People ex rel. Lord* v. *Crooks,* 53 id. 648; *Secor* v. *Pendleton,* 47 Hun, 281; *Saile* v. *Edell,* 96 Misc. 264; *Herbert* v. *Montana Diamond Co.,* 81 App. Div. 212) or the misjoinder or non-joinder of parties (*Campbell* v. *Heiland,* 55 id. 95). The residence of the defendant is not strictly a part of the cause of action. It is a jurisdictional fact, and must be alleged because of the limited jurisdiction of the County Court. The plaintiff's cause of action is the same whether he sues in the Supreme Court or the County Court. (*Gilbert* v. *York, supra.*) Again a general appearance in an action in the County Court where the residence of the defendant is not stated in the complaint waives the defect. (*Bunker* v. *Langs,* 76 Hun, 543; *Gardner* v. *Condon,* 117 Misc. 97.) This is because the defect rests solely in the absence of jurisdiction of the person. If there were lack of jurisdiction of the subject-matter, the general appearance would not waive the defect. (*Meyers* v. *American Locomotive Co.,* 201 N. Y. 163.)

We reach the conclusion, therefore, that the objection taken by the motion was insufficient to allow defendant to question the jurisdiction of the person of the defendant, although such lack of jurisdiction appears on the face of the complaint. (*Drake* v. *Drake,* 41 Hun, 366.)

The decisions in *Welsbach Co.* v. *Norwich Gas & Electric Company* (180 N. Y. 533) and in *Wood* v. *Ball* (190 id. 217), as explained in

*Mahar* v. *Harrington Park Villa Sites* (204 id. 231) and in *Ac-tin-o-lyte Roofing Co.* v. *Werner* (209 App. Div. 742), have not been overlooked. It appears to be established by these cases that the lack of capacity on the part of a foreign corporation plaintiff to sue because of a failure to allege compliance with section 15 of the General Corporation Law of 1909 (as amd. by Laws of 1917, chap. 594), which is now subdivision 1 of section 110 of the Stock Corporation Law of 1923, is sufficiently raised by an objection to the complaint for insufficiency taken at any time. These cases are hard to reconcile with many of the cases cited above unless they rest on a public policy declared by the statute which requires the statutory prohibition against uncertified foreign corporations maintaining actions to be treated differently from lack of capacity to sue resulting from other circumstances. In *De Simone* v. *Transportes Maritimos Do Estado* (200 App. Div. 82) it was held that a general appearance and answer by a foreign governmental agency did not waive its sovereign immunity. Here again the peculiar reason for absence of jurisdiction required the subject to be treated exceptionally.

The instant case involves no public policy requiring an anomalous construction.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.