CHRIS MARTENS, Plaintiff, *v.* JOSEPH FERNANDEZ et al.,
Defendants.

County Court, Delaware County, November 14, 1949.

*Chris J. Flanagan* for defendants.

*Geo. A. Speenburgh* for plaintiff.

CURTIS, J. This action is brought in the County Court to recover a judgment for labor and materials allegedly furnished by the plaintiff to the defendant. The summons and complaint were served personally upon the defendants in this county. The defendants did not appear, and judgment was entered by default. The defendants now move to vacate the judgment and to dismiss the complaint, claiming that the court never attained jurisdiction of the cause.

The complaint contains no allegation as to the residence of the defendants, either that they are or are not residents of the county. The plaintiff has, however, submitted affidavits, which have not been controverted, and which, as corroborated by the service of process in this county, have convinced the court that the defendants were residents at the time of the commencement of the action.

County Courts are organized under section 11 of article VI of the Constitution, with the limitation that their jurisdiction shall not be so extended as to authorize an action therein in which any person not a resident of the county is a defendant (excepting certain cases not here material). In common with other courts of limited jurisdiction, the rule is well established that jurisdiction will not be presumed, and that the complaint in an action for money damages must allege the residence of the defendants, and that without such an allegation the court has no jurisdiction. (*Yager* v. *Yager,* 214 App. Div. 671; *Frees* v. *Ford,* 6 N. Y. 176; *Davidoff* v. *Roger Wurmser, Inc.,* 27 N. Y. S. 2d 555, affd. 261 App. Div. 1087; *Judge* v. *Hall,* 5 Lans. 69; *Gilbert* v. *York,* 111 N. Y. 544.)

The term "jurisdiction" is one of various concepts. In a broad sense it may denote the power to hear and determine controversies. In a more restricted sense it may denote its authority to adjudicate a particular case. This County Court has this jurisdiction.

In another limited sense, the term means the power of the court to exercise its functions. Thus, it cannot proceed jurisdictionally in a particular case unless process has been served on the defendants. Nor can it exercise its authority until its jurisdiction affirmatively appears; and it is in this sense that the allegations in the complaint become vital. Although the court actually may have jurisdiction of the subject matter of the action and of the defendants, nevertheless it cannot exercise its authority until the jurisdictional facts are presented.

This jurisdictional defect may be waived by a defendant who actually is a resident of the county. It is so waived if he appears generally without any objection. (*Meyers* v. *American Locomotive Co.,* 201 N. Y. 163; *Gardner* v. *Condon,* 117 Misc. 97.) There was no general appearance by the defendants. An agreement between counsel extending the time to answer does not constitute a general appearance. (*Drake* v. *Shenandoah Pottery,* 141 Misc. 471.)

Although the complaint is defective, the court nevertheless acquired jurisdiction by the service of the summons to the extent that it can permit an amendment of the complaint. (*Henneke* v. *Schmidt,* 121 App. Div. 516; *People* v. *Bailey,* 136 App. Div. 130.)

The clerk of the County Court had no authority to enter the default judgment. The papers presented for a proposed judgment roll did not justify the entry of the judgment.

The motion to dismiss the complaint must be denied, as the application was not timely made under rule 106 of the Rules of Civil Practice. The motion to vacate the judgment is granted. Such a motion may be made within one year as provided in section 521 of the Civil Practice Act or even later in many cases. The plaintiff is permitted to amend his complaint, if he is so advised, within twenty days after the service of the order on his attorney.