■ BILLY T. WARDLOW, Respondent, v. JEARL BARRETT, Appellant, et al., Defendants.— In an action to recover damages for personal injuries, the appeal is from so much of an order as granted a motion for summary judgment striking out appellant's answer and directed an assessment of damages. Order modified by striking therefrom the first, second and third ordering paragraphs and by striking from the fourth ordering paragraph the word "other". As so modified, order insofar as appealed from unanimously affirmed, with $10 costs and disbursements to appellant. The record presents issues of fact which should be resolved after trial. Present — Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

■ FRANK ZAMMETTI et al., Appellants, et al., Plaintiff, v. GINO DE MOISE et al., Respondents.— In an action to recover damages for personal injuries, the appeal is from so much of an order restoring the action to its original place on the calendar as directed appellants to submit to an examination before trial on or before a certain date. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

## (February 8, 1960)

■ KENNETH G. KATZ, Respondent, v. ETHEL P. THOMPSON, Defendant, and SAM S. TERZIAN et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ.

■ ELIZABETH A. MAUSHART, Also Known as ELIZABETH A. M. SMITH, Respondent, v. JOSEPH A. KELLY, Appellant, et al., Defendant.— Motion to dismiss appeal denied, without costs. Appellant's request for, and receipt of, a stipulation extending his time to answer or move with respect to the complaint, subsequent to his special appearance and after the denial of his motion to vacate the service of the summons and complaint, did not constitute a general appearance or a waiver of his right to object to the jurisdiction of the court. If appellant had served an answer after the denial of his motion, the service of the answer would not have constituted a waiver of his objection to the jurisdiction of the court over his person (Civ. Prac. Act, § 237-a, subd. 4). Procuring an extension of time to serve an answer should have no different effect. In any event, where an extension of time to answer is merely incidental to, or part of, a special appearance or motion attacking the service of the summons on jurisdictional grounds, no waiver results. (Cf. *Deutsch* v. *Hoge Brush Co.*, 266 App. Div. 116; *Thompson* v. *Mundheim*, 180 Misc. 1002, 1004, affd. 266 App. Div. 1001; *Martens* v. *Fernandez*, 196 Misc. 723, 724.) Regardless of the effect of the stipulation, the question of service should be determined, and the appeal should not be dismissed. The alleged service was made within the three-year period provided by the Statute of Limitations; the stipulation was obtained after the expiration of the statutory period. Under such circumstances, the Statute of Limitations would be a bar to the action if the service of process was not made as and when alleged, even though the procurement of the stipulation is deemed to constitute an appearance. (*Guilford* v. *Brody*, 237 App. Div. 726.) Present — Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ.