OPINION OF THE COURT
John V. Aylward, J.
A motion for summary judgment was made before this court pursuant to CPLR 3212 basically upon the ground that the defendant is in default in failing to answer a complaint. At the time the motion was made, less than a year had elapsed from the default so that plaintiff’s proper procedure was to have appeared before the clerk of the court pursuant to CPLR 3215 (subd [a]). The motion was finally submitted to this court on December 12, 1977 and more than a year has elapsed since the default. This court will now consider the motion to have been made pursuant to CPLR 3215 as an application to the court for judgment.
This cause of action is for a sum of money only, for work, labor and services rendered to defendant in Jefferson County. It was commenced in Jefferson County Court by the personal *507 service of a summons only on the defendant in Jefferson County. The summons was defective on its face in that the basis of venue was the residence of the plaintiff, whereas it should have stated the residence of the defendant. However, the defendant has failed to move to vacate the service of the summons.
A notice of appearance was timely served by defendant, demanding a copy of the complaint. An unverified complaint was served on October 26, 1976 within the 20-day period. On the face of the complaint appears the allegation that the defendant "resides in Phoenix, Arizona”. Normally, such an allegation should preclude the County Court from its exercise of jurisdiction in the matter. The defendant has failed to utilize his remedies, that is, to move to dismiss, or serve and answer raising the objection to the jurisdiction of the County Court under CPLR 3211 (subd [a], par 8; subd [e]). The defendant is in default and continues to remain so except to oppose this motion for summary judgment by asserting that this court never acquired jurisdiction.
There is some need to clarify and restate the status of case law with respect to the jurisdiction of County Courts over nonresident defendants. Older case law seems to assert that the court’s lack of such jurisdiction is of constitutional origin, and cases commenting upon special appearances, general appearances and demurrers, which sometimes have trapped unwary defendants and have resulted in their general appearance, are outdated and not particularly helpful.
This court cannot find any prohibition in section 11 of article VI of the New York State Constitution which precludes County Courts from exercising jurisdiction over nonresidents of the county. It is the Legislature, when it adopted subdivision 5 of section 190 of the Judiciary Law with delegated authority from the Constitution, that has ousted County Courts from exercising such jurisdiction over nonresident defendants.
What the Legislature has taken away, the Legislature can give back — and it has done so. The Legislature, pursuant to its adoption of the CPLR 3211, has enacted that where a defendant fails to move to dismiss pursuant to said rule, or to raise the objection in his answer, he has waived such jurisdictional defect. There is no question that had this defendant moved to dismiss under CPLR 3211, or to raise the objection of the jurisdiction of this court in his answer, this court would be *508 obliged to deny plaintiff’s motion. However, such is not this case.
This court holds that the defendant has waived jurisdiction over his person and plaintiff’s motion will be granted for summary judgment as a default. (Yager v Yager, 214 App Div 671; Wolfe v Blackman, 279 App Div 977.)
However, before entry of judgment, the plaintiff is required to personally submit proof to the court by affidavit or otherwise as to the amount due and the facts constituting the claim since the original motion for summary judgment was based upon the attorney’s affidavit rather than the plaintiff’s affidavit.